ABIEZER VEAZIE *vs.* CITY OF ROCKLAND.

Knox. Decided November 30, 1878.

*Way,—defective. Notice.*

Where a claim for damages caused by a defective highway is made against a city, the mayor has no authority to waive the notice in writing required by St. 1876, c. 97.

In such case a verbal notice is not sufficient, nor one in writing after the expiration of the sixty days specified in the statute.

ON REPORT.

CASE for injuries from defective highway. Writ dated April 6, 1877. Plea, not guilty, with a brief statement that the defendant did not notify the municipal officers within sixty days after the injury was alleged to have been sustained, by letter or otherwise in writing, setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injury.

The case was reported to the law court to determine whether a sufficient notice was given to the municipal officers as required by the statute of 1876, or whether notice was waived.

The injury was alleged to have been received on May 8, 1876. The plaintiff called on the mayor the next-morning after, and gave him a verbal notice and a full description of the defect in the street and the nature of the injury; and by the request of the mayor he informed the street commissioner of the injury and defect; the mayor advised the plaintiff to have a competent person treat his horse, which plaintiff did. A notice, dated Rockland, July 22, 1876, signed by the plaintiff, and of the following tenor, was directed to the mayor of the city of Rockland: "This is to notify you that I claim damages for injuries received by my horse through a defect which existed in a certain highway, to wit: Scott street in said city of Rockland, on the 8th day of May, A. D. 1876. Said highway was rendered defective by reason of ballast stones lying therein, and my said horse was injured by stepping upon said stones with his off or right hind foot, losing his footing on account of the roughness, unevenness and slipperiness of said stones, thereby spreading his hind legs, wrenching, straining and laming the same, and wholly unfitting him for use or work, in which condition said horse hath ever since been and now is, to my great damage, to wit: the damage of five hundred dollars."

Also the following, directed to the mayor and city council and signed by the plaintiff: "City of Rockland, to Abiezer Veazie, Dr. 1876. May 8th. To damage suffered by defective highway, to wit: loss of horse through injuries received by said defective highway in said Rockland, $500. And the claimant proposes, if agreeable to your body, to refer the claim, as regards amount of damages, to three or more disinterested men." Indorsed thereon was this: "In board of aldermen, September 12, 1876, read and laid on the table. Attest: Charles A. Davis, city clerk. In board of aldermen, September 14, 1876, taken from the table, referred to committee on streets and sent down for concurrence. Attest: Charles A. Davis, city clerk. In common council, September 14, 1876. Referred to committee on new streets, etc., in concurrence. Enoch Davies, clerk."

The committee made the following report to the city council: "The joint standing committee on new streets, &c., to whom was

referred the claim of Abiezer Veazie for the loss of a horse from injuries claimed to be caused by defective highway, have considered the subject matter of said petition, and herewith submit the following report: Your committee, after investigation and due consideration, have come to the conclusion that the claimant is not entitled to damages from the city of Rockland. Our sympathies are with the claimant for his misfortune, but justice forbids that we should recommend that the city pay a claim we do not believe to be just." This report was in board of aldermen November 14, 1876, read and accepted, and sent down for concurrence, and on the same day in common council read and accepted in concurrence. The record of the city council for January 9, 1877, shows the following: " On the petition of Abiezer Veazie for the city to pay him $500 for the loss of his horse, the petitioner was granted leave to withdraw."

*J. E. Hanly*, for the plaintiff.

*T. P. Pierce*, for the defendants.

APPLETON, C. J. This is an action for damages occasioned by a defective highway which the defendants were bound to keep in repair.

The injury occurred on May 8. The next day, the plaintiff gave verbal notice of the nature of the injury, and of the defect in the street, to the Mayor of Rockland, who requested him to inform the street commissioner of the same, which he did forthwith. But by the act of 1876, c. 97, the notice to municipal officers was in all cases required to be in writing. The mayor had no authority, if he wished to do so, to waive any of the requirements of the statute. The notice was bad because not in writing.

The notice given on July 22, 1876, was not within the sixty days required by c. 97, and was too late. The vote of the city government " that the claimant is not entitled to damages from the city of Rockland," negatives the idea of any waiver by the defendants of their strict legal rights.

*Plaintiff nonsuit.*

DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.