S. E. STARLING, Appellant, v. THE INCORPORATED
TOWN OF BEDFORD.

**Municipal Corporations: Waiver.** The provisions that no action shall
be brought against a town later than six months after an injury,
unless *written* notice of the injury be served within ninety days,
cannot be waived. Chapter 25, section 1, Acts Twenty-second
General Assembly.

*Appeal from Taylor District Court.*—HON. W. H. TED-
FORD, Judge.

THURSDAY, APRIL 4, 1895.

Action at law to recover damages for a personal
injury alleged to have been caused by reason of a defect
in one of the streets of the defendant town.   There was
a demurrer to the petition, which was sustained, and
the plaintiff excepted to the ruling, and judgment was
rendered for the defendant for costs.   Plaintiff appeals.
—*Affirmed.*

*G. B. Haddock* and *Jackson & Miller* for appellant.

*B. V. Leonard* and *G. L. Finn* for appellee.

Rothrock, J.—It is averred in the petition that on
the fifteenth day of August, 1892, plaintiff, while walk-
ing on a sidewalk on one of the streets of the defendant
town, because of the unsafe condition of said sidewalk
was tripped by a loose and defective board therein, and
was caused thereby to fall and injure herself. There
are proper averments  charging the defendant · with
notice of the defective walk before the accident, and
that the injury occurred without fault on the part of
the plaintiff.   The defendant demurred to the petition

on the ground that it did not appear therefrom that written notice of the injury was served upon the defendant within ninety days after the accident. The demurrer was sustained, and the plaintiff thereupon amended the petition by pleading that, within sixty days after receiving the injury, she gave proper and oral notice thereof to the mayor and council of the town, and that a committee of the council was appointed to investigate the demand, and that said committee and the said mayor requested and prevailed on the plaintiff to delay the commencement of legal proceedings, so that the nature and extent of plaintiff's injuries, and the amount of compensation to be paid to her, might be more fully understood; that, after making investigations, propositions of settlement were made to plaintiff, and the plaintiff was requested to make a proposition of settlement to the council, and these investigations and negotiations all occurred within ninety days after the injury to the plaintiff. Copies of the proceedings of the city council in reference to the claim are exhibited with, and made part of, the petition. It appears from these proceedings that on September 5, 1892, a committee was appointed to investigate the matter. On the third day of October, 1892, the committee reported to the council, and the committee was continued "to look after the matter, and receive a proposition of settlement of same from Mrs. Starling." On December 5, 1892, the committee reported that they had called on the plaintiff several times, and requested her to state what she thought the town should pay her, if anything, for the injury, and that she made no proposition of settlement. The defendant demurred to the petition as amended, and the demurrer was sustained, and the appeal was taken from this ruling.

It is provided by section 1, chapter 25, of the Twenty-second General Assembly, as follows: "That

in all cases of personal injury resulting from defective streets or sidewalks, or from any cause originating in the neglect or failure of any municipal corporation or its officers to perform their duties in constructing or maintaining streets or sidewalks, no suit shall be brought against the corporation after six months from the time of the injury, unless written notice specifying the place and circumstances of the injury shall have been served upon such municipal corporation within ninety days after the injury." It is conceded that no written notice, specifying the place and circumstances of the injury, was served upon the defendant within ninety days after the injury. The alleged accident occurred August 15, 1892. The town council appointed the committee September 5. The committee reported October 3, November 7, and December 5. The three months within which the notice should have been served ended November 15, and up to the report of December 5, no proposition of settlement was made by the plaintiff. This suit was commenced September 18, 1893. It is insisted in behalf of the appellant that the defendant waived the requirements of the statute that written notice should be served within the time provided by law, and that the law itself is merely directory. It appears to us that this contention cannot be allowed to prevail, because the law is, by its express terms, mandatory. It absolutely prohibits the bringing of any suit after six months, unless the written notice is served within ninety days after the injury. There is no room for any other construction. The theory upon which the argument for appellant is based is that the city council waived the right to the service of a notice. It could not waive it. The plaintiff omitted to observe a provision of the statute which absolutely required her to give written notice. It is

true, as claimed by appellant, that insurance companies may waive proofs of loss, even though they be required by statute. So parties may waive exemptions, homestead rights, and the statute of limitations; but no plaintiff in a suit can disregard an absolute provision of a statute without the observance of which no action can be maintained. In 23 Am. & Eng. Enc. Law, 8455, it is said: "It is, in general, true that negative terms in a statute show a legislative intent to make the provision imperative, requiring a strict performance in respect to both time and manner." The judgment of the district court is *affirmed*.