Milton Lucas, Appellant, v. City of Pontiac, Appellee.

Gen. No. 5,037.

1. NOTICES—*when provision of statute requiring notice to municipality of sidewalk injury not complied with.* A notice given pursuant to the statute requiring notice to municipalities of sidewalk injuries sustained, which recites the time and place of the accident as follows: "on the sidewalk on North Hazel street some time ago," is not sufficient.

2. NOTICES—*when notice required by statute cannot be waived by municipality.* A notice required by statute to be given to a municipality of a sidewalk injury is mandatory and cannot be waived by such municipality, and, even if it could, *held,* in this case, that a reference of the claim based upon such injury to a committee and negotiations for a settlement of such claim by such committee, did not constitute a waiver.

Action in case for personal injuries. Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

WHITE & TUESBURG, for appellant.

BERT W. ADSIT, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellant brought suit against appellee to recover damages for personal injuries alleged to have been sustained by reason of a defective sidewalk upon a street within said city. The court below sustained a demurrer to an amended declaration and also sustained a motion to dismiss the suit and entered judgment against appellant for costs, and he appeals from that judgment.

Section 2 of the act of 1905, concerning suits at law against cities, villages and towns for personal injuries, requires the person injured, before bringing suit for damages and within six months from the date of the injury, to file in the office of the city attorney and also in the office of the city clerk a written statement giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occured, and the name and address of the attending physician, if any.

Section 3 enacts that, if the notice required by section 2 shall not be filed as therein directed, "then any such suit brought against any such city shall be dismissed, and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing."

The amended declaration did not charge the filing of such notices with the city attorney and the city clerk. It did charge that within six months from the date of the injury appellant's attorneys mailed to the city attorney two successive letters, set out in full in the declaration. The first gave the name of the person injured, and gave the place and time as "on the sidewalk on North Hazel street some time ago." It inferentially gave the name of the attending physician. It did not give the residence of the person in-

jured nor the address of the attending physician, and did not directly state that the physician named attended appellant for the injuries. The statement of the time and place of the injury did not at all satisfy the requirements of the statute. The second letter added nothing. There was therefore no compliance with the statute. It was held in Erford v. City of Peoria, 229 Ill. 546, that the statute above recited is mandatory and the giving of the notice must be averred as well as proved by the plaintiff to avoid a dismissal of the suit. Appellant sought to avoid the dismissal of his suit by further averments. The amended declaration averred that the city attorney went before the city council and stated that he had been notified of said injury and of appellant's claim for damages therefor; that the city council referred the matter to the city attorney and the law and ordinance committee; that the city attorney "met" (whatever that may mean), and took appellant's injury and claim for damages under advisement; that appellant's attorneys went before the committee and made a statement to the committee "giving the name of the plaintiff, the date and about the hour of the accident, the place or location where such accident occurred, and the names and addresses of attending physicians;" that the committee took the matter under consideration, and negotiated with appellant and his attorneys for the settlement of the claim; and that thereby appellee waived all defects and omissions in said letters, and any and all notice of statements required by the statute. Two questions are presented: (1) whether the statement required by the statute can be waived by the city council; and if so, (2) whether the circumstances set out in the amended declaration constitute such waiver.

In Massachusetts, under a statute requiring notice to be given to the city of the time, place and cause of the injury within a certain number of days after

the injury, it was shown in Gay v. City of Cambridge, 128 Mass. 387, that the plaintiff did not give notice within the time fixed, but did give such notice afterwards to the city; that the city council referred the notice to a committee, and that the committee negotiated with plaintiff as to a settlement, and made no objections as to the time when the notice was given. The plaintiff asked the court to hold that the city would waive the statutory notice in respect to time, and that such waiver could be inferred from the circumstances. The court held that the ruling was properly refused; that the liability of cities under the statute could not be extended by agreement with the city; that as the plaintiff failed to give the notice which was a condition precedent to his right to maintain the action, no liability ever attached against the city, and that the city council, or its committee, could not create a liability by any agreement or waiver. In Shea v. City of Lowell, 132 Mass. 187, under the same statute, the written notice given did not comply with the statute. It was held that "it would violate the provisions and defeat the purpose of the statute if the plaintiff was permitted to supply the deficiencies of the written notice by proof that the city or its officers had oral information from her, or from any other source, of the time, place or cause of her injury." It was also held that the city clerk was not bound to make any reply when the defective notice was served upon him, and that his silence did not create a waiver, if he had power to waive the right of the city. In Starling v. Town of Bedford, 94 Ia. 194 (62 N. W. Rep. 674), where the amended petition much resembled the amended declaration in this case, under a statute similar to that above set forth, it was held that the statute was mandatory and absolutely prohibited the bringing of any suit, unless written notice was served, and that the city council could not waive the right to the service of notice. In Hastings

v. Foxworthy, 45 Neb. 676 (34 L. R. A. 321), it was held that the requirement of such a notice in a similar statute was not in the nature of a limitation, but was a condition precedent to the maintenance of the action. The general rule is laid down in 15 Am. & Eng. Encyc. of Law, 2d Ed. 483, that such a statutory requirement of notice is mandatory and cannot be waived by the municipality. A few authorities are cited as holding the contrary rule, but we do not think them fairly in point or applicable. True, the Massachusetts cases were under a statutory liability, while it is argued that the liability in Illinois is at common law; but we are of opinion that if that statement is strictly accurate, still this circumstance should not change the rule, and that it was properly held in Reining v. City of Buffalo, 102 N. Y. 308, that "it is immaterial whether a condition be imposed in the statute giving a right of action, or be provided by contract, or exists by force of some principle of common or statute law; the complainant must by the settled rule of pleading state every fact essential to the cause of action as well as those necessary to give the court jurisdiction to entertain the particular proceeding." We are of opinion that the authorities above cited are in harmony with the rule laid down by our Supreme Court in Erford v. City of Peoria, *supra,* and that the notice required by the statute, being a condition precedent to the right to bring an action, cannot be waived by the city.

We are also of opinion that if notice could be waived, nothing is set up in the amended declaration which would constitute a waiver. The city council did not profess to waive any of its rights, and we are of opinion that a reference of the claim to a committee, and negotiations for a settlement by the committee with appellant, had no tendency to create a waiver. The city council, having such a claim presented to it, certainly ought to be permitted to inquire into the nature of the claim and the circum-

SECOND DISTRICT—AUGUST, 1908.    475

Meredith v. Aurora, Elgin & Chicago R. R. Co., 142 App. 475.

stances of the case and to ascertain on what terms a settlement can be effected, without thereby waiving any of its legal rights.

The judgment is therefore affirmed.

*Affirmed.*