## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF TENNESSEE

#### FOR THE

## JACKSON APRIL TERM, 1920

---

### Mrs. Maggie Lansden *v.* City of Jackson.

#### (*Jackson.* April Term, 1920.)

1. **MUNICIPAL CORPORATIONS** One city commissioner cannot waive requirement of notice of injury.

   Even if the statutory requirement of notice to a city of claim for personal injuries can be waived by the governing body of the city, one of the city commissioners had no authority to waive such requirement. (*Post, pp.* 655-657.)

   Cases cited and approved: Gay v. Cambridge, 128 Mass., 387; Walters v. Ottowa, 240 Ill., 259; Lucas v. Pontiac, 142 Ill. App., 470; Starling v. Bedford, 94 Iowa, 194; Huntington v. Calais, 105 Me., 144 Blumrich v. Highland Park, 131 Mich., 209; Blair v. Ft. Wayne, 51 Ind. App., 652; White v. Nashville, 134 Tenn., 688-695; Sachem v. Seymour. 24 N. J. R., 153; Mayor, etc., v. Hagan, 68 Tenn., 495; Belote v. Wynne, 15 Tenn., 341; Muse v. Donelson, 21 Tenn., 166.

   Cases cited and distinguished: Nashville v. Toney, 78 Tenn., 643; Taylor v. Railroad, 86 Tenn., 249; Cole v. Seattle, 64 Wash., 1.

2. **MUNICIPAL CORPORATIONS.** Ratification of commissioner's promise to pay hospital expenses does not waive notice of injury.

   Ratification by the governing body of the city of the promise of the commissioners that the city would pay the hospital expenses of plaintiff for an examination of her injuries is not a waiver of the requirement that notice of claim for injuries be given the city. (*Post, pp.* 657, 658.)

(650)

Lansden v. City of Jackson.

3. **MUNICIPAL CORPORATIONS.** Owner's waiver of right to notice
can be ratified only by formal action.

A municipality can, in the absence of fraud or imposition, ratify an
act of its officer in waiveing the statutory requirement of notice
of claim for injuries only by formal action taken by the proper
officials. (*Post, pp.* 657, 658.)

FROM MADISON

Appeal from the Circuit Court of Madison County.
—Hon. R. B. Baptist, Judge.

W. N. Kay, for appellant.

R. F. Spragins and F. W. Pope, for appellee.

Mr. Justice Bachman delivered the opinion of the
Court.

This suit was instituted by Mrs. Maggie Lansden
against the city of Jackson to recover for injuries
alleged to have been suffered by her on or about the
6th of August, 1917, by reason of the defective condi-
tion of one of the sidewalks in said city. A demurrer
was filed on behalf of the city on the gruonds that no
notice of the plaintiff's claim had been served upon the
mayor of the city, as required by chapter 55 of the Acts
of 1913, and that no facts or circumstances were alleged
to show a waiver by the city of the notice provided for,
The authority of the city or its officers to waive the pro-
visions of the statute was also challenged. The demur-
rer was sustained by the trial judge and the suit dis-
missed. Upon appeal to the court of civil appeals a

majority of that court were of opinion that, although notice had not been given, as required by the act referred to, the allegations of the declaration were sufficient to show a waiver on the part of the city, and the judgment of the circuit court was reversed and the case remanded for hearing.

The allegations of the declaration upon which the action of the court of civil appeals is predicated are as follows:

"Plaintiff further avers that, while no written notice was served upon the mayor of said city of said accident and injury within the time prescribed by the State Statute upon this subject, yet she avers that the said city did receive and have notice of the accident and injury and the circumstances connected with same on the next day after the said accident and injury, and that written notice as prescribed by statute was made unnecessary and a useless formality, and was waived by the city, by reason of the following facts, to wit:

"On the next day after said accident plaintiff sent for Mr. Z. K. Griffin, who was at that time one if the commissioners of the city of Jackson, and informing him of all the facts connected with said accident and injury and as to the manner in which the plaintiff was injured, and thereupon the said commissioner directed the plaintiff to go to a hospital and to have an X-ray examination of her injured parts, and he promised that the defendant city would bear the expense of same; that at the next meeting of the board of commissioners of said city, to wit, on the following day, the said Z. K. Griffin, commissioner, reported the facts in regard to the plaintiff's

said injury and his action relative thereto, and of the direction which he had given to the plaintiff, whereupon the other two commissioners, constituting said board, one of which was mayor of said city, approved and ratified the action of said Z. K. Griffin; that on or about December 2 or 3, 1917, plaintiff had another conference with the said commissioner, Z. K. Griffin, in which plaintiff advised the commissioner that she had or was going to leave the hospital where she was being treated; that she had not recovered from said injury, and was looking to the city 'to do the right thing by her,' and the said commissioner thereupon stated that the city would consider her claim and treat her right in the matter; that again prior to March 4, 1918, plaintiff had another conversation with the said commissioner, in which the latter directed the plaintiff to present her claim to the board of commissioners of the city of Jackson, which she did on March 4, 1918, at which time she discussed her claim at length with the board of commissioners, but they failed to reach an agreement; that the mayor of the defendant city thereupon suggested that plaintiff meet the commissioners in conjunction with their attorney, to which plaintiff agreed, and did again appear before said board on April 24, 1918, and her case was again brou_ _t up and discussed, and at which meeting the plaintiff was finally informed by the mayor and city attorney that the city would not pay the sum demanded by the plaintiff on account of her said injuries.

"Plaintiff therefore avers that because of the foregoing facts, and by leading the plaintiff to believe that her claim would be adjusted by the city without suit,

she was thereby misled, and therefore did not seek legal advice as she would have done, but for the negotiation which she had been drawn into through the representation of said mayor and commissioners, and her rights would have been protected by the giving of the required notice after being so advised by counsel of the necessity of said notice, and so the defendant city waived the written notice as prescribed by statute and is estopped to rely upon the failure to give such written notice as a defense in this case.''

Upon these facts it is insisted that the city of Jackson has waived the compliance with the provisions of the act of 1913, and is now estopped to set up as a defense such non-compliance on the part of the plaintiff.

It will be seen that the failure to give the prescribed notice is sought to be excused upon the ground that the city had actual notice through the commissioner Griffin, with whom the plaintiff advised immediately following the injury, that the commissioner directed the plaintiff to go to a hospital and have an examination of her injuries made, and that the city would bear the expense thereof, and that upon report of his action to the other commissioners the same was ratified and approved. Whether municipalities, when acting through their governing bodies, are authorized to waive the provisions of protective statutes, is a question upon which there is a conflict of authority; the weight of authority seems to be that they cannot do so. McQuillin, Municipal Corporations, section 2714; Dillon, Municipal Corporations (5th Ed.), section 1613; *Gay* v. *Cambridge,* 128 Mass., 387; *Walters* v. *Ottowa,* 240 Ill. 259,

88 N. E., 651; *Lucas* v. *Pontiac,* 142 Ill. App., 470; *Starling* v. *Bedford,* 94 Iowa, 194, 62 N. W., 674; *Huntington* v. *Calais,* 105 Me., 144, 73 Atl., 829; *Blumrich* v. *Highland Park,* 131 Mich., 209, 91 N. W., 129; *Blair* v. *Ft. Wayne,* 51 Ind. App., 652, 98 N. E., 736.

However, we do not think it necessary to here determine this question, for the reason that in our opinion the facts disclosed do not constitute a waiver by the city of the benefit of the statute. The purpose of the act of 1913, as pointed out in *White* v. *Nashville,* 134 Tenn., 688-695, 185 S. W., 721, Ann. Cas., 1917D, 960, was not to benefit municipal officials, but is for the protection of municipal bodies corporate, and it is also held therein that it is not within the power of individual officers or agents of the municipality to waive the required notice.

Assuming that the governing body of the city of Jackson had authority to waive notice to the city, it has not done so in the instant case; for, in the absence of a proper showing of authority, the acts or declarations of the commissioner Griffin could in no wise be binding upon the municipality.

In *Nashville* v. *Toney,* 19 Lea, 643, in passing upon the question of the authority of the mayor of a municipality to revive an indebtedness of the city, barred by the statute of limitations, it was said:

"We have not been referred to any authority, either in the charter, ordinances or resolutions of the city, and can find none, which authorizes or empowers the mayor, by his individual or sole promise, to bind the city for any purpose, and hence we presume there is none. And as will be seen by the provisions of the

above-cited ordinances, he is prohibited from doing so, unless authorized by existing laws, or by order of the city council. It is scarcely deemed necessary to cite authorities to show that without such authority he has no power to do so. In the case of *Mayor and City Council of Nashville, v. J. G. Fisher et al.,* decided at Nashville, 1875, unreported, this court, Judge FREEMAN delivered the opinion, says: "We hold the principle to be sound, as stated by the Supreme Court of New Jersey, *Sachem v. Seymour,* 24 N. J. R., 153, that the powers of a municipal corporation can only be exercised by the governing, legislative body of such corporation, . . . in pursuance of authority given from such governing body, in the form of an ordinance, or legislative enactment of such body, or in pursuance of powers granted or conferred in the charter by the Legislature.' See, also, *Mayor, etc., v. Hagan,* 9 Baxt., 495; *Belote v. Wynne,* 7 Yerg., 341; *Muse v. Donelson,* 2 Humph., 166. While we have no doubt but that these promises had the effect to lull the plaintiff into security, and may cause a loss which to her may be serious, yet it is clear that these promises of the mayor were unauthorized and not binding on the defendant, and hence inoperative to prevent the bar of the statute. And for this error in the charge of the court and in the admission of testimony as above indicated, we are compelled to reverse the judgment and grant a new trial."

The principle there announced was reaffirmed in *Taylor v. Railroad,* 86 Tenn., 249, 6 S. W., 400; the court saying:

"The doctrine of this case we regard as conclusive upon the question of the want of authority of" its

officers ''to bind the city by their declarations or representations. If they could not do so by express agreement, it must logically follow that they could not do so by indirection, such as an estoppel would be.''

So, in *Cole* v. *Seattle*, 64 Wash., 1, 116 Pac., 257, 34 L. R. A. (N. S.), 1166, Ann. Cas., 1913A, 344, it is said:

''The city council is the only authority which, under the organic law of the city, can take cognizance of such claims, and it necessarily follows that it is the only authority which can waive compliance with the charter. . . . We therefore hold that a compliance with the reasonable terms of the charter provision cannot be waived by statements or acts of any officer or employé or any other than the city council, and that to establish a waiver by the council some affirmative cognizance of the claim, other than the rejection by the council, must be pleaded and proved.''

But it is contended that the city ratified and approved the acts of the commissioner and is therefore bound. In answer to this insistence it is to be seen that, according to the allegations of the plaintiff, legal notice of her claim was not presented to the mayor or board of commissioners until about five months after the happening of the accident and nearly two months after the expiration of the ninety days provided by the statute, and action by the city was not taken thereon until a later date.

If it could be held that the allegations are sufficient to constitute a ratification by the city of the acts of the single commissioner, such could extend no further

142 Tenn.—42.

than to the statements made by him to the plaintiff, which in the most liberal view, cannot be construed as a waiver of the city's right under the statute. However this may be, we think that the stability and certainty of the acts of a municipal corporation, particularly in dealing with protective rights granted the corporate body by statute, demand far more than informal action by corporate officials; there must be definite legal action by the proper officials before the municipality can be bound. There may be, of course, cases where fraud or circumstances of imposition would lead to a different conclusion; but the allegations here make no such showing.

The case will be dismissed.