## ELLEN KEKINO ROGERS *v.* THE CITY AND COUNTY OF HONOLULU.

### No. 2086.

Argued April 25, 1933.          Decided May 8, 1933.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action at law in which the plaintiff claims of the defendant the sum of $20,000 as damages accruing to her by reason of the death of her husband, the allegation being that his death was due to injuries caused by an accident resulting from negligence of the defendant in failing to keep North King Street, a public highway, in a safe condition. It is claimed in the declaration that while the plaintiff's husband was proceeding on a motor cycle along North King Street in a lawful and careful manner the motor cycle "struck a rut or obstruction in

the street" and he was violently thrown to the ground. The accident occurred on September 10, 1930, and it is further alleged that on February 6, 1931, the plaintiff "did file with the mayor and board of supervisors of the City and County of Honolulu, pursuant to section 1833 of the Revised Laws of Hawaii, 1925, her notice in writing of the injuries received by her late husband * * * and the damages resulting therefrom and in which notice plaintiff herein stated the time, place and circumstances surrounding the injury, the extent thereof and the amount claimed therefor." The defendant demurred to the amended declaration on the ground that there was no sufficient averment of negligence and on the further ground that the allegations referring to the filing of a written notice set forth at best mere conclusions of law and did not show a compliance with section 1833. The demurrer was overruled and an answer of general denial filed. After trial a verdict was rendered for the plaintiff in the sum of $4,125. The case comes to this court upon exceptions.

The notice sent by the plaintiff's attorney to the mayor and the board of supervisors reads as follows: "I have been retained by Ellen Kekino Rogers to file her claim for damages in the sum of $20,000.00 against the City and County of Honolulu, due to the death of her husband, George Rogers, who on September 10, 1930, was killed on account of the failure of the City and County of Honolulu to properly maintain and keep in repair North King Street. Mr. Rogers was proceeding to town on King Street and struck an excavation, or rut, in the street. He was violently thrown to the ground and died the same day from a fractured skull. This is to notify you that unless this claim is adjusted by the 20th of February, 1931, I will, on behalf of Mrs. Rogers, institute in the circuit court a suit for damages against the City and County of Honolulu." The demand having been referred

to the city and county attorney, the latter replied as follows, under date of February 20, 1931: "The board of supervisors has referred to this office the claim of Mrs. Ellen K. Rogers for damages in the sum of $20,000.00. Having made a thorough investigation of the accident which resulted in the death of Officer Rogers, we do not believe that Mrs. Rogers is entitled to damages. If you wish, we shall be pleased to further confer with you upon this matter." The defendant objected to the introduction of the letter of February 6, 1931, and reserved an exception to the order overruling the objection and admitting the letter. So, also, the defendant at the conclusion of the trial moved for a directed verdict on the ground, among others, that the notice given to the mayor did not comply with the requirements of section 1833 and reserved an exception to the ruling refusing to so instruct the jury. Section 1833, R. L. 1925, reads as follows: "Before the city and county shall be liable for damages to any person for injuries to person or property received upon any of the streets * * * of the city and county, or on account of any negligence of any official or employee of such city and county, the person so injured, * * * or someone in his behalf, shall, within six months after receiving such injuries, give the mayor notice in writing of such injuries, and the specific damages resulting, stating fully in such notice, when, where and how the injuries occurred, the extent thereof and the amount claimed therefor." It will be observed that one of the requirements of this section is that in the written notice to be given to the mayor the claimant shall state "fully" where the injuries occurred, that is, that the claimant shall describe "fully" the place of the accident. It is not even a substantial compliance with this requirement to merely say, as is said in the plaintiff's letter of February 6, 1931, that the accident occurred "on North King Street." North King Street, it

is well known in this community, is over two miles in length. There may be instances in which the question whether the description contained in the notice substantially complies with the statute is a close one but it seems to us that there can be no doubt that a statement that the accident occurred somewhere on a street more than two miles in length does not sufficiently apprise the mayor or the city and county of the place of the accident or serve the purpose of the statute in requiring such a notice to be given. See, for example, *Donnelly* v. *Fall River,* 130 Mass. 115, *Noonan* v. *Lawrence,* 130 Mass. 161, 163, and *Purdy* v. *New York,* 193 N. Y. 521, 523, 524.

It is contended, however, by the plaintiff that the evidence shows that this requirement was waived by the city and county, the reliance in this connection being upon the terms of the letter of the county attorney replying to the plaintiff's letter of February 6. Assuming, that which is not entirely clear, that the letter of the county attorney, above quoted, could be held to constitute a waiver of any other or further description of the place of the accident, we are of the opinion that in such a case as this there can be no waiver. Statutes upon this subject differ somewhat in different jurisdictions. In some there is a simple requirement that some such notice be given to a designated official, without any language indicating what the penalty shall be for failure to comply with the requirement. In others there is language indicating that compliance with the requirement is intended to be a condition precedent to the right to institute or to maintain an action for damages. In none of them have we found a statement in the precise language of our statute that the notice must be filed "before the city and county shall be liable." With reference to the statutes which make the filing of the notice a condition precedent to the right of action, courts have differed as to whether the requirement

can be waived. The language of our own statute is too clear to permit of more than one construction and that construction is that there is no liability on the part of the city and county unless and until, first, the accident happens, and, second, the written notice is filed. The second is just as essential to the creation of liability as is the first. Neither directly nor inferentially is it provided in any of the statutes that the city and county attorney or the mayor may by act or by omission create liability on the part of the city and county when otherwise none exists. It is stated in some of the authorities that the purpose of the notice is to give the municipality an opportunity to conduct promptly an investigation concerning the time and the place of the accident, the extent of the injury and all of the surrounding circumstances and to examine witnesses while they are available and while their memory of what occurred is fresh. It may also be that another purpose of the statute was to provide a safeguard against possible favoritism or negligence or inattention to duty on the part of officials of the municipality. But whatever the reasons which moved the legislature to enact the section under consideration they were sufficient in the opinion of that body to justify the requirement that there should be no liability on the part of the city and county unless a notice such as that described in the section should be filed within the time stated.

For cases holding that the requirements of the statute may not be waived by municipal officials, see: *Veazie* v. *Rockland*, 68 Me. 511, 513; *Starling* v. *Bedford*, 94 Iowa 194, 196; *Lucas* v. *Pontiac*, 142 Ill. App. 470, 474; *Reining* v. *Buffalo*, 102 N. Y. 308, 311; *Dawson* v. *Estrop*, 243 Ill. App. 552, 555; *Borst* v. *Sharon*, 48 N. Y. S. 996, 997; *Brown* v. *Winthrop*, 175 N. E. (Mass.) 50, 51; *Steindler* v. *Meehan*, 250 N. Y. S. 61, 62.

The fact that the municipal officials otherwise acquired actual knowledge of the place of the accident is immaterial. The statutory requirement of notice is not limited to those instances in which the officials have no such knowledge. See, for example, *Sowle* v. *Tomah,* 81 Wis. 349, 353 and *Cotriss* v. *Medina,* 124 N. Y. S. 507, 509.

It may be added that the statement made in the amended declaration that the accident happened "on the right hand side of North King Street * * * opposite Houston Arena," the amended declaration having been filed on September 18, 1931, and the original declaration having been filed on August 3, 1931, cannot operate as an amendment of the letter of February 6, 1931, the requirement of the statute being that the notice shall be filed "within six months" after the date of the injury. Whether under other circumstances a more detailed statement in a declaration can so operate need not be determined in this case.

The insufficiency of the notice being fatal to the plaintiff's right to further maintain the action, it is unnecessary to consider the remaining exceptions. The exceptions are sustained, the verdict is set aside and a new trial is granted.

*C. B. Dwight* (also on the brief) for plaintiff.

*W. C. Tsukiyama,* City and County Attorney (also on the brief), for the City and County.