Peter T. ALBERT, Plaintiff,

v.

Michael DIETZ, dba Michael Dietz's Golf Shop, Defendant and Third-Party Plaintiff,

v.

McWAYNE MARINE SUPPLY, LTD., Cushman Motors, a division of Outboard Marine Corporation and County of Kauai, Third-Party Defendants.

Civ. No. 2660.

United States District Court
D. Hawaii.

April 4, 1968.

Frank D. Padgett, James Krueger, Padgett & Greeley, Honolulu, Hawaii, for Peter T. Albert, plaintiff.

Ronald D. Libkuman, Herbert K. Shimabukuro, Honolulu, Hawaii, for Michael Dietz, dba Michael Dietz's Golf Shop, defendant and third-party plaintiff.

Barry Chung, William H. Dodd, Fong, Miho, Choy & Robinson, Honolulu, Hawaii, for McWayne Marine Supply, Ltd., third-party defendant.

Toshio Kabutan, County Atty., County of Kauai, Lihue, Kauai, for County of Kauai, third-party defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING THIRD-PARTY DEFENDANT COUNTY OF KAUAI'S MOTION TO DISMISS

PENCE, District Judge.

On April 14, 1967 plaintiff Albert filed a diversity action in this court against Dietz, seeking damages allegedly arising out of an accident on August 3, 1966 involving a golf cart rented from Dietz, as the golf professional, at the Wailua Golf Course on the island of Kauai, Hawaii. Dietz thereafter moved this court to implead, among others, the County of Kauai as a third-party defendant to the action, alleging the County to be the owner and operator of the Wailua Golf Course, where the accident occurred, and that if Dietz were found negligent the County, at least, would be a joint tortfeasor. Dietz' motion was granted on November 20, 1967, and a third-party complaint was filed nine days later against the County of Kauai, and others.

On December 19, 1967 the County moved to dismiss the third-party complaint against it for lack of jurisdiction, asserting, inter alia, that inasmuch as plaintiff Albert had failed to give timely and proper notice to the County as required by Section 138–21, R.L.H.1955,[1] there could be no liability attaching to the County under the third-party complaint.

After briefing and oral argument it appears that the only question now to be resolved is whether or not presentation of a claim against the County under Section 138–21 within six months from date of plaintiff's injuries is a condition precedent to maintaining a third-party action against that County for contribution under Hawaii's Uniform Contribution Among Tortfeasors Act: Section 246–16, R.L.H.1955 (enacted in 1941).[2]

Section 138–21, the county "non-liability" act, was enacted in 1943 but it is a practically verbatim copy of Section 149–6, R.L.H.1955, first enacted in 1907, referring to notice of injuries to the City and County of Honolulu. The House and Senate journals of the 1943 session indicate that Section 138–21 was but intended to give to all counties the same benefits of the non-liability statute long enjoyed only by the City and County of Honolulu. It is manifest from the 1943 House and Senate reports that the 1943 legislature gave not even passing thought to any possible effect which such legislation might have upon Hawaii's Uniform Contribution Among Tortfeasors statute,

1. "§ 138–21. *Liability for damages; notice of injuries.* Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks or other public places of the county, * * * the person so injured, * * * or someone in his behalf, shall, within six months after such injuries are received, give the chairman of the board of supervisors notice in writing of such injuries and the specific damages resulting, stating fully in such notice when, where and how the injuries occurred, the extent thereof and the amount claimed therefor."

2. "§ 246–16. *Third party practice, amended complaints, counterclaims and cross-complaints, and motion practice.* * * * [A] defendant seeking contribution in a tort action may move * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable as a joint tortfeasor to him or to the plaintiff for all or part of plaintiff's claim against him.*" (Emphasis added.)

enacted at the preceding legislative session.

As stated in Rogers v. City and County of Honolulu,[3] 32 Haw. 722 (1933), Section 149-6[4] is clear and unambiguous in its application to a prospective plaintiff bringing a tort action against a county. However, there is no provision therein for the situation existing here, i. e., where after the tort action is brought the county is impleaded as a third-party defendant from whom contribution is sought. Therefore, if Hawaiian statutory law is to be implemented, the notice statute and impleader statute must be construed conjointly to determine their effect, one upon and against the other.

It is solidly established under the Hawaii law that statutes having reference to the same subject matter are in pari materia and are to be construed with reference to each other.[5] The statutes in question are both concerned with the subject of tort liability and must therefore be construed as indicated above.

From the fact that Section 138-21 was but a copy of Section 149-6, passed in 1907, and Section 246-16, an act of much broader scope and application, was passed in 1941,[6] it would not be unreasonable therefore for this court to apply the rule that statutes later in time which may conflict with the application of earlier statutes dealing with the same subject must be given precedence over the earlier statute,[7] but there appear other and sounder bases upon which this court may resolve the problem.

The preliminary purpose of the Uniform Contribution Among Tort-

feasors Act was to create a right of contribution among joint tortfeasors, a right which did not exist at common law, and to establish a procedure whereby that right of contribution might be made effective in practice.[8] The general common law rule barred contribution by the joint tortfeasors.[9] The Uniform Act was necessarily adopted by the Hawaiian legislators in order to do away with the manifest injustice of putting one joint participator in an accident producing an injury in the position of "holding the bag" at the caprice of a plaintiff, as well as giving recognition to the obvious fact that where several parties are involved in an accident, it is only fair in an action to recover from one that, if possible, all should be brought into the court to answer to the plaintiff and to each other for their share of the damages. As well, this procedure prevents a multiplicity of suits. It was intended by the Act that equity should prevail over the manifest injustice of the common law rule.

As indicated above, the right of contribution arises from the application of equitable rules in that where one joint tortfeasor pays more than his just share he has an equitable right to proceed against the other joint tortfeasor for contribution. The law with respect to the time when liability of joint tortfeasors is established is well stated in Western Casualty & S. Co. v. Milwaukee G. C. Co. (1933) 213 Wis. 302, 305, 251 N.W. 491, 492:

"Logically, it would appear that the right [to contribution] comes into being when the combination of negli-

---

3. "The language of our own statute [now Section 149-6] is too clear to permit of more than one construction and that construction is that there is no liability on the part of the city and county unless and until, first, the accident happens, and, second, the written notice is filed * * * within the time stated." 32 Haw. at 726.

4. As indicated above, § 138-21 is an almost verbatim copy of §. 149-6.

5. Section 1-21 R.L.H. 1955; Territory v. Akase, 43 Haw. 84, 85 (1958); State of Hawaii v. Heirs of Kapahi, Haw., 437 P. 2d 321, decided February 15, 1968.

6. Rule 14(a) of the Hawaii Rules of Civil Procedure, effective June 14, 1954, is but a broader counterpart of the joint tortfeasor impleader statute.

7. Cf. Re Castro and Others, 44 Haw. 455, 461, 355 P.2d 46 (1960).

8. Baltimore Transit Co. v. State, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460 (1944).

9. Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 285, 72 S. Ct. 277, 96 L.Ed. 318 (1952). Restatement, Restitution, Section 102 (1936).

gent acts gives force and direction to events necessarily resulting in an occasion for paying damages. This does not depend upon an action being begun. * * * It has its inception at the time the negligence of the alleged joint tortfeasors concurs to bring the injuries to the third person. It springs up at the time, and then and forever afterwards, until the claim is outlawed, they or either of them are under a liability to pay for injuries their negligent acts have caused. This inchoate right ripens into a cause of action when one of the joint tort-feasors pays more than his proportionate share of the claim for which all are liable."

 Thus, while the right of contribution by the joint tortfeasors does arise at the time of the concurring independent acts, nevertheless until one of those joint tortfeasors pays more than his proportionate share of the underlying claim, the right remains contingent and inchoate. It is not until a tortfeasor pays more than his proportionate share that the right ripens into a cause of action.[10]

It is manifest, therefore, that as a matter of law the tortfeasor cannot enforce that right of contribution against an alleged joint tortfeasor county until he has paid more than his proportionate share. The joint tortfeasor, not being the person injured by any negligence attributable to the county under Section 138–21 and not claiming any right through the person so injured, could not be expected to be able to comply with the limiting terms of Section 138–21, until after suit was brought against him. There is no provision in the Uniform Act requiring one joint tortfeasor to serve notice upon the other. Until suit is brought by the injured person there is no opportunity. The county non-liability act clearly was not intended to impose a statute of limitations upon the right of one joint tortfeasor against another but, as stated in *Rogers,* supra, was, basically, directed only at undue delay in the commencement of suits by injured persons.

There is nothing in either act which indicates to this court that the right of one joint tortfeasor against the other to recover contribution is in any way impaired by the duty placed upon the injured plaintiff to serve prompt notice of his injuries to a county. Nevertheless, if the terms of Section 138–21 were to be strictly applied the defending tortfeasor would suffer an injustice and an impairment of his statutory rights, far, far greater than that which would be lost by a county if its protective non-liability act were not literally applied.

The Supreme Court of Hawaii, as it says of itself, "has refused to be overly technical in construing statutes, Yoshizaki v. Hilo Hospital, 50 Haw. 150, 433 P.2d 220 (1967)." [11] The *Yoshizaki,* case, similar to the instant one, concerned a statute of limitations problem and there was resolved in favor of extending the statute of limitations in order to give the plaintiff the maximum time possible, within which to file her action in tort.

Judge Tavares in this United States District Court, in Azada v. Carson, 252 F.Supp. 988 (1966), was faced with a problem not dissimilar to the one here. There the plaintiff filed suit for personal injuries arising out of an automobile collision three days before the running of the two-year statute of limitations. Defendant was not served until nearly three months thereafter. When defendant counterclaimed, his counterclaim was filed more than two years following the date of the collision. Judge Tavares held that "simple justice dictates that if the plaintiffs are given an opportunity to present a claim for relief based upon a particular automobile collision, the defendant should not be prevented from doing so by a mere technicality", and allowed the counterclaim. (252 F.Supp. at 989.)

 While in Hawaii the objectives sought to be given by the county non-liability statute (see *Rogers,* supra, p. 856) do conflict with the equitable object of the Uniform Act, this court, just as

---

10. Ainsworth v. Berg, 253 Wis. 438, 34 N.W.2d 790, 35 N.W.2d 911 (1948).

11. In re Vockrodt, Haw., 436 P.2d 752, decided January 5, 1968.

did Judge Tavares in *Azada,* and the Supreme Court of Hawaii in *Yoshizaki,* cannot deny justice manifestly due the defendant under the Uniform Act in order to preserve for the County of Kauai the benefits of the non-liability statute. The non-liability statute being a statute of limitations and therefore to be narrowly construed, must stand aside for the more equitable remedies of the Act.

The *County of Kauai's motion to dis-*miss is denied.