VALENTIN V. CAMPO, Plaintiff-Appellee, *v.* JUSTINA TABOADA, Defendant and Third-Party Plaintiff-Appellee, *v.* MARIA L. CAMPO, Third-Party Defendant-Appellant

NO. 10869

(CIVIL NO. 80610)

JUNE 20, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

This is an interlocutory appeal by Third-Party Defendant-Appellant

Maria Campo (Appellant) from an order denying her motion to dismiss. Appellant's motion claims that she was immunized from the third-party suit under our decision in *Peters v. Peters,* 63 Haw. 653, 634 P.2d 586 (1981), which upheld the existence of interspousal tort immunity for direct suits between husband and wife. The motion was denied by the lower court.

We affirm the decision of the lower court.

I.

On January 15, 1983, Appellant was driving along Kamehameha Highway in a funeral procession with her husband, Valentin Campo, in the passenger seat. Behind their car was a car driven by Justina Taboada. Several cars in front of the Campos' vehicle stopped at a traffic light causing Appellant to brake. Taboada's car then collided with the rear of the Campos' car. Mr. Campo sustained injuries though it is not clear whether they were caused by Appellant's braking or Taboada's subsequent collision into the Campos' car.

Mr. Campo sued Taboada alleging that her negligence caused his injuries. Taboada then filed a third-party complaint against Appellant for contribution under the Uniform Contribution Among Tortfeasors Act claiming that Appellant's negligence caused some or all of Mr. Campo's injuries. Appellant filed a motion to dismiss the third-party complaint on the grounds of interspousal tort immunity. The motion was denied. The only issue in this case is whether the lower court erred in allowing the third-party action against Appellant wife.

II.

In *Peters v. Peters,* 63 Haw. 653, 634 P.2d 586 (1981), this court affirmed the existence in Hawaii of interspousal tort immunity for direct suits between husband and wife. The language and history of Hawaii Revised Statutes (HRS) § 573-5 (1976)[1] gave the doctrine "a definite statutory provenance" which was "not for judicial discard without

---

[1]HRS § 573-5 (1976) states:
A married woman may sue and be sued in the same manner as if she were sole; but this section shall not be construed to authorize suits between husband and wife.

compelling reasons." 63 Haw. at 658, 634 P.2d at 590. Since we were "unable to conclude the policy on interspousal suits is now bereft of rationality," we affirmed summary judgment in favor of the defendant spouse.

Appellant wife argues that the doctrine of interspousal immunity espoused in *Peters* precludes Defendant Taboada from bringing Appellant in as a third-party defendant. Although *Peters* involved a direct suit between spouses, Appellant points to *Peterson v. City & County of Honolulu,* 51 Haw. 484, 462 P.2d 1007 (1969), which states that a defendant may seek contribution from a third-party only if the original plaintiff could have enforced liability against the third-party in the first place. Since Mr. Campo clearly could not have directly sued his wife, Appellant argues that Taboada cannot now bring the third-party action and thereby accomplish indirectly what could not be done directly.

*Peters,* however, also recognized that "Hawaii like all other states no longer regards husband and wife as an indivisible legal unit for most purposes." 63 Haw. at 657-58, 634 P.2d at 589. Today, most states have either limited or eliminated completely the doctrine of interspousal immunity. Note, *Piercing the Marital Veil: Interspousal Tort Immunity After Harris v. Harris,* 36 Mercer L. Rev. 1013, 1018 (1985). The *Peters* opinion did not address the issue of interspousal tort immunity in the context of a third-party action. It did, however, state:

> We do not foreclose the possibility of a modification of the rule in other contexts where there may be overriding policy or constitutional concerns, for the considerations supporting immunity are not the same in every adversary situation that may develop between husband and wife.

63 Haw. at 659 n. 9, 634 P.2d at 590 n. 9.

The present case obviously involves policy concerns different from those found in *Peters.* Since both the Uniform Contribution Among Tortfeasors Act and HRS § 573-5 are relevant to this case, they are *in pari materia* and should be construed with reference to each other. *Albert v. Dietz,* 283 F. Supp. 854, 856 (D. Hawaii 1968).

The Uniform Contribution Among Tortfeasors Act created a right of contribution among joint tortfeasors which previously did not exist at common law. Its purpose is to avoid the injustice of having one joint tortfeasor pay more than his fair share of damages. *Albert v. Dietz,* 283 F. Supp. at 856. In addition, the procedure prevents multiplicity of suits. *Id.* Thus, a plaintiff may sue only one of several tortfeasors and can hold

him liable for all damages incurred. The defendant, however, may implead other tortfeasors who each can be held liable to the defendant for his fair share of damages. To deny defendant the right to implead other tortfeasors could result in the defendant being held liable for the entire judgment. This would defeat the purpose of the Act and so should not be done absent clear legislative intent. *See Wirth v City of Highland Park,* 430 N.E.2d 236 (Ill. App. 1981).

In contrast, HRS § 573-5 acknowledged the doctrine of interspousal tort immunity in Hawaii. The doctrine rests on the justification that it preserves marital harmony and prevents collusive suits. Prosser and Keeton, *The Law of Torts* 902 (5th ed. 1984). But the present suit presents a situation where the spouses are not directly adverse to each other which lessens the likelihood of marital disharmony. Although there is some danger of fraudulent collusion, this threat is no greater than that posed in other situations where suits clearly are allowed such as those between two friends. *Id.* at 902. If we can trust our courts to discover collusive suits between other related parties, then we should similarly trust them to be able to ferret out fraudulent claims in this situation. *Robeson v. International Indemnity Co..* 248 Ga 306, 282 S.E.2d 896 (1981); *Lusby v. Lusby.* 283 Md. 334, 390 A.2d 77 (1978). Denying the suit might deter collusive claims, but it would undoubtedly also deny meritorious claims as well. Prosser and Keeton, *supra* at 902-03.

In *Peters,* we deferred to a clear legislative intent to bar direct suits between spouses. This case, however, brings in a spouse by way of impleader and does not clearly fit within the mandate provided in §573-5. We find no clear legislative intent that HRS § 573-5 was meant to bar a third-party action between two unrelated parties especially where the third-party plaintiff may ultimately have a right to contribution. *See Wirth v. City of Highland Park,* 430 N.E.2d at 241-42. As § 573-5 states, "[a] married woman may sue and be sued in the same manner as if she were sole[.]" With this in mind, we feel that in this case the policy considerations supporting *Peters* do not override the policies supporting third-party actions for contribution from joint tortfeasors. It would be more consistent with Hawaii law to allow the third-party suit and proceed with trial. The lower court therefore did not abuse its discretion in allowing Appellant in as a third-party defendant.

Affirmed.

*Grant K. Kidani (Henry F. Beerman* and *Paul K. Hoshino* with him

on the briefs) for third-party defendant-appellant.

*John M. Cregor, Jr.* (*Carleton B. Reid* and *Ross N. Taosaka* with him on the brief; *Davis, Reid & Richards,* of counsel) for defendant and third-party plaintiff-appellee.

*Bernaldo D. Bicoy* on the brief for plaintiff-appellee.