518

ANTHONY COSTA, A MINOR, BY CAROLINE C. HANVEY, HIS GUARDIAN AD LITEM, WILBERT COSTA, A MINOR, BY CAROLINE C. HANVEY, HIS GUARDIAN AD LITEM, VIOLET COSTA MORREIRA, AGNES COSTA IMAIZUMI, IRENE COSTA RUSHING, EVELYN COSTA IAMOVALE, EUGENE COSTA AND AGNES COSTA IMAIZUMI, ADMINISTRATRIX C. T. A. OF THE ESTATE OF JOE L. COSTA *v.* THE FLINTKOTE COMPANY — CANEC DIVISION, A MASSACHUSETTS CORPORATION.

No. 4009.

ARGUED MAY 2, 1958.                    DECIDED MAY 7, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

This is an appeal from the ruling of the circuit court of the third judicial circuit granting a motion of appellee to dismiss the complaint filed by appellants.

Appellants, the seven children of one Joe L. Costa, deceased, including the two minor sons represented by a guardian ad litem Caroline C. Hanvey, and the Administratrix C. T. A. of the Estate of Joe L. Costa, Deceased, filed an action against appellee, The Flintkote Company, a Massachusetts corporation doing business within the Territory of Hawaii. The allegations set forth that Joe L. Costa was employed by appellee at its Hilo, Hawaii, plant; that on February 5, 1956, the said Joe L. Costa received an injury arising out of and during the course of his employment, resulting in his death; that the injury was caused by the negligence of appellee; that the appellants were the seven children and only heirs of Joe L. Costa.

Appellee moved to dismiss the complaint on several grounds, among others, that under the provisions of section 4406 of the Revised Laws of Hawaii 1945 (R. L. H. 1955, § 97-7), the remedies, if any, were exclusively under chapter 77, Revised Laws of Hawaii 1945 (R. L. H. 1955, § 97-7), that original jurisdiction over claims for damages on account of injuries received by an employee as alleged in the complaint were in the Director of Labor and Industrial Relations.

The judge of the circuit court entered a ruling on the motion to dismiss, granting the same and holding that "this Court lacks jurisdiction at this time in view of the exclusiveness of remedy provided in Section 4406, Chapter 77, Revised Laws of Hawaii 1945, and that pursuant to said Chapter 77, the exclusive jurisdiction at this stage of the proceeding lies with the Director of Labor and Industrial Relations."

The appeal presents the single question: Did the circuit court correctly rule that it lacked jurisdiction over

the subject matter because of the exclusive remedy provisions under the Workmen's Compensation Law as set forth in section 4406, chapter 77, Revised Laws of Hawaii 1945 (R. L. H. 1955, § 97-7)?

This involves the question of whether the 1955 legislature by Act 205, amending section 10486 of the Revised Laws of Hawaii 1945 relating to death by wrongful act, intended to repeal, by implication, section 4406 of the Revised Laws of Hawaii 1945, providing the rights of the employee to any compensation "shall exclude all other rights and remedies of the employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of the injury."

Counsel for appellants concedes that prior to the enactment of Act 205, Session Laws of 1955, section 4406 of chapter 77 barred both common-law rights and statutory rights of children of a deceased to bring an action for death by wrongful act against the employer of the deceased. His argument is that Act 205 amended section 4406 to such an extent that this section no longer bars an action for wrongful death against a negligent employer; that the persons named in section 10486 may bring an action against a negligent employer even though the employee is covered by the Workmen's Compensation Law. The argument of the appellants is based upon the fact that in broadening and rewriting section 10486 the legislature did not include within the section as rewritten a proviso that had formerly appeared in this section, namely, "provided, however, that nothing in this section shall be construed as authorizing any action to be maintained hereunder against the employer of such decedent in any case where any dependent of the decedent has a remedy for compensation under the provisions of chapter 77."

The decedent, Joe L. Costa, received the personal injury resulting in his death by accident arising out of and

in the course of his employment with the appellee. His employment was covered by the provisions of chapter 77, Revised Laws of Hawaii 1945, of which section 4406 is a part. (R. L. H. 1955, c. 97, § 97-7.)

Section 4406 provides that the rights and remedies granted to the employee on account of personal injury for which he is entitled to compensation under this chapter "shall exclude all other rights and remedies of the employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of the injury."

Does this section 97-7, Revised Laws of Hawaii 1955, bar appellants from prosecuting this action?

Agnes Costa Imaizumi, Administratrix C. T. A., is the "personal representative" within the meaning of the statute; the minor sons, Anthony and Wilbert Costa, were "dependents" of Joe L. Costa at the time of his death; Agnes Costa Imaizumi, Violet Costa Morreira, Irene Costa Rushing, Evelyn Costa Iamovale and Eugene Costa were the remaining sons and daughters of the decedent and were, with his minor children, heirs at law and, therefore, "next of kin" within the meaning of section 97-7.

In *Kamanu et als.* v. *E. E. Black, Ltd.*, 41 Haw. 442, this court held that:

> "The Workmen's Compensation Act provides that the rights therein granted on account of personal injury to an employee shall be exclusive and 'shall exclude all other rights and remedies of the employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of the injury.' "

As showing that the repeal of all rights of the widow, personal representatives, next of kin, etc., came within the spirit as well as within the letter of the law, this court discussed at length the history of the Workmen's Compensation Act, the objects to be accomplished, the evils

and mischiefs to be remedied, the history of the passage of the various Acts, reports of committees, and the judicial construction acquiesced in for a long period of time, and the interpretation of similar statutes in other jurisdictions. (*Kamanu et als.* v. *E. E. Black, Ltd., supra.*)

It is unnecessary to repeat the extended discussion in the *Kamanu* case, *supra,* as to the early English and German law relative to the responsibility of a master to the servant while on his master's business, or the early Roman doctrine as set forth in an article by Mr. Justice Holmes, or repeat the discussion that "The necessity for a Workmen's Compensation Act arose out of the development of the industrial revolution and the factory system with its sharp increases in industrial accidents and at the same time judicial decisions which decreased the employee's common-law remedy for his injury." (*Kamanu* v. *Black, supra,* p. 449.)

As pointed out in the *Kamanu* case, the Hawaiian statute is similar to the New York statute as it specifically excludes from all other remedies not only that of the employee but also of the personal representatives, dependents and next of kin. The decisions throughout the United States are unanimous in holding that the New York type of statute excludes all possible types of other remedies, including remedies either under the common law for wrongful death or under wrongful-death statutes. (*Kamanu* v. *Black, supra,* citing 2 Larson, *Workmen's Compensation Law,* § 66.20, pp. 142-144, and cases.)

At the time of the decision in the *Kamanu* case there was one decision, an exception to the general rule, namely, the case of *Hitaffer* v. *Argonne Co.,* 183 F. (2d) 811. This case held that the wife of an injured workman had a common-law action for the loss of her husband's consortium notwithstanding the injured employee came under the provisions of the Longshoremen's and Harbor Workers' Com-

pensation Act. However, we refused, as did other juris-
dictions, to follow the *Hitaffer* decision, and we note that
the *Hitaffer* decision was specifically overruled in the case
of *Smither \& Co., Inc.* v. *Coles,* 242 F. (2d) 220. It is inter-
esting to note the reasoning in the latter decision which
will be referred to hereinafter.

In the *Smither \& Co., Inc.* v. *Coles* case, *supra,* at page
222, overruling the *Hitaffer* case, the court stated:

"* * * Assuming, *arguendo,* the wife has a separate
cause of action for loss of consortium, corresponding
to the separate right of the husband in that respect,
the question presented by this appeal is whether 33
U. S. C. A. § 905, Section 5 of the Act, bars the right
of the wife to maintain a separate action in the circum-
stances presented by this record.

"The essential statutory provision which governs,
and which we think requires our overruling of the
Hitaffer case, reads:

" 'The liability of an employer prescribed in section
904 of this chapter *shall be exclusive* and *in place of
all other* liability of such employer to the employee,
his legal representative, husband *or wife,* parents,
dependents, next of kin, and anyone otherwise en-
titled to recover damages from such employer * * *
on account of such injury or death * * *.' (Emphasis
added.)"

If the cause of action depended only upon the construc-
tion of section 4406, Revised Laws of Hawaii 1945 (R. L.
H. 1955, § 97-7) and section 10486, Revised Laws of Ha-
waii 1945 (R. L. H. 1955, § 246-2), as they now exist, there
could not be the slightest question that the appellants
should be barred by section 4406, Revised Laws of Hawaii
1945 (R. L. H. 1955, § 97-7).

"The language of section 4406, Revised Laws of
Hawaii 1945, is clear and unambiguous as abrogating,

except as to rights under the Workmen's Compensation Act, all rights that an employee and his dependents may have on account of personal injury, 'all other rights and remedies of the employee, his personal representatives, *dependents, or next of kin, at common law or otherwise,* on account of the injury.' (Emphasis added.) Clearly, the rights of the widow or the minor come within the letter of the statute excluding all other rights." (*Kamanu et als.* v. *E. E. Black, Ltd., supra,* p. 448.)

However, as stated *supra,* the appellants' argument rests upon the theory that the omission of the proviso in section 10486 had the effect of repealing or amending section 4406. Clearly, there is nothing in Act 205 expressly amending, repealing or otherwise altering in any manner section 4406 of the Revised Laws of Hawaii 1945 (now existing as in section 97-7, Revised Laws of Hawaii 1955). There is no reference whatever to section 4406 in the amendatory Act or in the reports of the committees of the House or Senate as to Act 205 in any way amending the exclusiveness of the remedy of an injured workman under the Workmen's Compensation Act.

It will be noted that Act 205 is entitled "An Act Amending Chapter 221 of the Revised Laws of Hawaii 1945, as Amended, Relating to Tort Actions" and nothing is said of chapter 77, Revised Laws of Hawaii 1945, which relates to the Workmen's Compensation Law. Thus, if the legislature intended and had attempted in any way to amend chapter 77, this would be in conflict with section 45 of the Organic Act which states: *"Title of laws.* That each law shall embrace but one subject, which shall be expressed in its title." Thus, the portion not covered by the title would be void. (*In Re Walker,* 9 Haw. 171; *Territory* v. *Kua,* 22 Haw. 307; *Jensen* v. *Secretary of Hawaii, et als.,* 40 Haw. 604.) However, we do not think it necessary to

pass upon this as this question was not raised and we do not believe there was any intent by the legislature to amend the Workmen's Compensation Law as we shall more fully point out hereinafter.

In 1860 the Supreme Court of the Kingdom of Hawaii decided, in the case of *Kake* v. *Horton,* 2 Haw. 209, that under the common law of the Kingdom of Hawaii a widow had a cause of action for the death of her husband by wrongful act. *Kake* v. *Horton* was codified in the Laws of Hawaii enacted in 1892.

In the case of *Ferreira* v. *Honolulu Rapid Transit Company,* 16 Haw. 615, the court decided that parents had a cause of action for the wrongful death of their minor child. However, in *Hall* v. *Kennedy,* 27 Haw. 626, the court ruled that parents did not have an action for the wrongful death of an adult child.

In 1923 the legislature of the Territory enacted the original version of our Wrongful Death Act. (This enactment apparently was due to the decision in *Hall* v. *Kennedy, supra.*)

The Wrongful Death Act was amended in various particulars with the proviso "provided, however, that nothing in this section shall be construed as authorizing any such dependent to maintain an action hereunder against the employer of such decedent in any case where such dependent has a remedy for compensation under the provisions of Chapter 209." The purpose of this Act, as shown by the House and Senate Journals, was to afford dependent parents of a major child a right against third persons who were not the employer.

In 1933 the legislature again amended the Act to eliminate a multiplicity of acts based on the same state of facts, and in 1955 Act 205, Session Laws of 1955, enlarged the remedies available in case of wrongful death so as to give a spouse, children and parents remedies even if they

were not actually dependent upon the deceased. The Wrongful Death Act was further broadened to allow recovery for non-pecuniary losses such as loss of consortium, parental care and affection.

An examination of the history of Act 205 does not show any intent to repeal or amend section 4406 of the Revised Laws of Hawaii 1945. Act 205 was introduced as House Bill 588; the report of the Standing Committee of the House Judiciary Committee refers to the purpose and the objects of the bill as follows:

"1. The purpose of this bill is to broaden the right of action and the extent of recovery in wrongful death suits.

"* * *

"3. This bill, as amended, broadens the wrongful death statute by permitting a deceased person's spouse, children, father, mother, or dependents to recover for the wrongful death of the deceased. * * *

"The right of action under the present wrongful death action is based on the archaic principal of dependency. The provisions of this bill are consistent with the theory of the majority of the statutes in the United States. This bill permits recovery for not only pecuniary losses but also for loss of love and affection, including (1) loss of society, companionship, comfort, consortium or protection, (2) loss of marital care, attention, advice or counsel, (3) loss of filial care or attention, or, (4) loss of parental care, training, guidance or education.

"* * *

"5. This bill also provides for a survival statute. In the majority of the states in the United States, broad survival statutes have been passed to permit the survival of right of action arising out of a tort despite the death of the wrongdoer or of the injured person.

"Under the common law, death terminated the right of action arising out of a tort. This archaic doctrine has caused untold hardship and injustice.

"The present Territorial statutes are not broad enough to cover all of the hardship situation which might arise and your Committee feels that this bill will help fill a void in the tort law of the Territory.

"It should be noted that the survival of the right of action is limited to only actions arising out of physical injury or death."

The original bill passed the House which did not contain the proviso as formerly in the Wrongful Death Act and made no mention whatsoever regarding the failure to continue this proviso. The bill went to the Senate which made a few amendments to it, the most important of which was the recommendation eliminating brothers and sisters of the deceased from the group granted the right to sue without proving dependence. Nowhere in this report is there any mention of any intent to amend or repeal section 4406. The committee stated, among other things, "Your Committee has considered this bill at length and is in accord with the purpose thereof, which is to expand the right of action for wrongful death and to add provisions dealing with the survival of tort actions."

The purpose of Act 205, Session Laws of 1955, as stated in the legislative reports, was to expand the Act and it did substantially enlarge the right of recovery under the Wrongful Death Act: (1) prior to the passage of Act 205 only persons who were shown to be wholly or partly dependent upon decedent could maintain an action for damages against the person causing the death; (2) all recovery prior to Act 205, Session Laws of 1955, was limited to pecuniary loss, while Act 205 included such non-pecuniary recoveries as loss of society, companionship, comfort, consortium, loss of filial care or attention, loss

of parental care, training and guidance; (3) Act 205 made certain that actions would not abate if the negligent party died prior or during the action against such wrongdoer.

Neither of the committee reports discusses any phase of the Workmen's Compensation Law, nor do they in any way state that the amendment gives a cause of action against a negligent employer. It would be a most remarkable situation that the legislature intended to eliminate the keystone of the Workmen's Compensation Law without making any reference whatever thereto, either in the so-called amendatory Act itself (Act 205, S. L. H. 1955), in the committee reports, or in the title to the amendatory Act.

Counsel for appellants states that the object of a proviso in the statute is to limit and qualify that which immediately precedes it and to negative the construction that would prevail in the absence of the proviso, the rule being that which is excepted from the operation of the statute by proviso would, in its absence, have been included within the general words of the statute.

This rule ordinarily may be true, but there is another use for a proviso in that a proviso is not always merely an exception, but "At times, it is employed, out of abundant caution, merely to explain the general words of the enactment and to guard against a possible construction that is not intended." (50 Am. Jur., *Statutes*, § 436, p. 457.)

·See *State ex rel. Blue* v. *Stiles*, 212 Ala. 468, 102 So. 901, holding that a proviso in a statute was but a precautionary measure to prevent any construction which would impose upon an instrument in the nature of a security for a debt this "deed tax."

*State* v. *Standard Oil*, 195 S. C. 267; *United States* v. *Morrow*, 266 U. S. 531; *Chesapeake & Potomac Telephone Co.* v. *Manning*, 186 U. S. 238; and other cases cited in 50 American Jurisprudence, *Statutes, supra.*

Certainly there is nothing in the wording of Act 205, or in its title, that would indicate in any way any repeal or amendment in any way of section 4406. It is elementary that repeals by implication are not favored, particularly if effect can be given to both statutes. (82 C. J. S., *Statutes,* § 289.)

In *United States* v. *Burroughs,* 289 U. S. 159, the Supreme Court said at page 164:

"We cannot construe it as impliedly repealing the complete appellate system created for the District of Columbia by § 935 of the Code, in the absence of expression on the part of Congress indicating that purpose. Implied repeals are not favored; and if effect can reasonably be given to both statutes, the presumption is that the earlier is intended to remain in force."

There can be no question in this case that effect can reasonably be given both to the Workmen's Compensation Law and the Wrongful Death Act as amended. Both have existed side by side in Hawaii since 1923. Similar Acts have been given effect throughout many jurisdictions in the United States wherein the families of persons killed by wrongful death have their remedies under the Workmen's Compensation Act if the death is caused by industrial accident, and have their remedies under the Wrongful Death Act if death is caused other than in the course of industrial employment.

Repeals by implication are not favored unless the later statute covers the whole field and is intended as a substitute. (82 C. J. S., *Statutes,* § 294.) Such is not the present purpose of Act 205.

Obviously the proviso previously contained in section 10486 was surplusage and no implication can be drawn from the fact that the legislature did not continue to include it in section 10486 when it overhauled that section.

Just as in the opinion in *Kamanu et als.* v. *Black, supra,*

this court after pointing out that the language of section 4406, Revised Laws of Hawaii 1945, is clear and unambiguous as abrogating all rights that an employee and his representatives and dependents may have on account of personal injury, except as to the rights under the Workmen's Compensation Act on account of the injury, examined the question as to whether, although the abrogation was clearly *within the letter of the law,* it came within the spirit and within the intention of the makers. The court then, after discussing the purpose and history, did state that its conclusion was supported by both the wording of the Act and the history of the Workmen's Compensation Law and was further supported by the proviso in the Wrongful Death Act heretofore referred to. However, the latter is merely a final fillip to its conclusion.

The *Kamanu* case, *supra,* pointed out that the purpose of the Workmen's Compensation Law is to charge against industry the pecuniary loss arising from disabling or fatal personal injury, regardless of negligence by the employee or lack of negligence by the employer; that *it is designed to obtain for an injured workman or his dependents an assured, certain and prompt compensation* to replace the doubtful right accorded by common law, and *to secure for the employer freedom from vexatious, delaying and uncertain litigation* with its possibilities of heavy penalties by way of verdicts and high costs; that it is based on the obligation of industry to recognize accidental injury and death arising out of employment as one of the costs of production.

If we construe Act 205 as amending the Workmen's Compensation Law by repealing the exclusiveness of the remedies, we have destroyed the whole purpose of the Act as set forth above, cutting out the heart of the Act.

In looking behind the actual wording of the statute and looking for the purpose of the Act, we call attention to the

case of *Smither & Co., Inc.* v. *Coles, supra,* wherein the following statement is made:

"We are not unmindful, to paraphrase Mr. Justice Frankfurter and Judge Learned Hand, that the literal words of a statute sometimes can be misleading, and that we do not stop but only begin with the words. Sometimes the words are such that the purposes of the statute and the entire statutory scheme must be taken into account. The words must be read and interpreted as a part of the whole.

"The history of the development of statutes, such as this, creating a compensable right independent of the employer's negligence and notwithstanding an employee's contributory negligence, recalls that *the keystone was the exclusiveness of the remedy.* This concept emerged from a balancing of the sacrifices and gains of both employees and employers, in which the former relinquished whatever rights they had at common law in exchange for a sure recovery under the compensation statutes, while the employers on their part, in accepting a definite and exclusive liability, assumed an added cost of operation which in time could be actuarially measured and accurately predicted; incident to this both parties realized a saving in the form of reduced hazards and costs of litigation. As stated by Mr. Justice Brandeis in Bradford Electric Co. v. Clapper, 1932, 286 U. S. 145, 159, 52 S. Ct. 571, 576, 76 L. Ed. 1026, the purpose of these laws was to provide 'not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinative.' Thus, anything that tends to erode the exclusiveness of either the liability or the recovery strikes at the very foundation of statutory schemes of this kind, now universally accepted and acknowledged." (Emphasis added.)

It is incredible that the legislature intended to remove the "keystone" of the Workmen's Compensation Law without referring to such law, its title, or any provision therein.

Affirmed.

*Maurice Sapienza* (also on the briefs) for appellants.

*James H. Case* (*Carlsmith & Carlsmith* with him on the brief) for appellee.