STATE OF HAWAII, Plaintiff-Appellee, *v.*
ROBERT T. GUSTAFSON, Defendant-Appellant

## No. 5397

JUNE 14, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* Defendant-appellant while driving an automobile struck a utility pole on Kinau Street in Honolulu. The investigating officer, believing defendant to be under the influence of liquor, placed him under arrest and required him to take a "breath or blood" test under the implied consent statute, HRS Ch. 286. Upon his refusal to submit to a test, the officer executed and filed an affidavit with the judge of the District Court of Honolulu. A hearing was held before the district judge pursuant to HRS § 286-156. After a hearing the district judge found the statements contained in the affidavit to be true and revoked appellant's license to operate a motor vehicle for a period of six months. HRS § 286-155.

A motion to reconsider was filed and after a hearing, the district judge denied the motion and the appellant appealed to the Circuit Court of the First Circuit. After a hearing the circuit judge affirmed the ruling of the district court and the appellant appealed to this court.

The State filed a motion to dismiss the appeal contending that under HRS § 641-1[1] (as amended by Act

---

[1] HRS § 641-1 reads in pertinent part as follows:

§ 641-1 *From district judge; deposits of costs; procedure.* Appeals upon the record shall be allowed from all decisions and judgments of district judges in all matters, whether civil or criminal. Such appeals may be made to the supreme court, whenever the partly appealing shall file notice of his appeal and shall pay the costs accrued within thirty days and,

188, SLH 1970) the defendant should have appealed directly to this court from the decision of the District Court, and having failed to perfect an appeal within 30 days from that decision this court now has no jurisdiction.

It is correct that § 641-1, as amended, permits appeals from the district courts to this court from "all decisions and judgments of district judges in all matters, whether civil or criminal", and it repealed the statute which formerly provided for appeals from the district courts to the circuit courts.

The question is whether the enactment of Act 188, SLH 1970 also repealed the sections in § 286-157, which provides for appeals to the circuit courts from the decisions of district judges revoking drivers' licenses under HRS §§ 286-155,-156.

It is to be noted that proceedings to revoke a driver's license for drunken driving where a driver refuses to take a "breath or blood test" under the implied consent statute is treated as a hearing before an administrative officer. Accordingly, § 286-157 provides for an appeal from the decision of the district judge revoking a driver's license under HRS § 286-155, "in the manner" provided in § 286-129. Section 286-129 provides for an appeal from the decision of the examiner of chauffeurs to the circuit court and it also provides that the decision of the circuit court "shall be final except as otherwise provided in chapter 91."[2] Also, Sec. 15 of Chapter 91 (§ 91-15) provides for an appeal to this court from the final judgment of the circuit court.

In the enactment of Act 188, SLH 1970, amending § 641-1, the legislature did not specifically repeal the appeal sections provided for in HRS Ch. 268. The language used in amended HRS § 641-1 is "may be made to the Supreme Court", and is thus not mandatory in form,

---

if in a civil cause, shall deposit the costs for appeal as provided in chapter 607.

[2]Chapter 91 is the Hawaii Administrative Procedure Act.

and the legislative history of HRS § 641-1 does not reveal any implication of repeal of the relevant appeal procedure provisions of HRS Chs. 286 and 91. The general rule as stated by this court in *Costa Minors, Etc.* v. *Flintkote Co.,* 42 Haw. 518, 529 (1958) is that repeals by implication are not favored and that if effect can reasonably be given to two statutes, it is proper to presume that the earlier statute is intended to remain in force and that the later statute did not repeal it. In the absence of any clear countervailing policy reason to disregard our maxims of statutory construction, we hold that the sections of Chs. 286 and 91 here at issue were not repealed by the amended HRS § 641-1.

Appellant here correctly and properly followed the appeals procedure provided for in Chs. 286 and 91. The motion for dismissal of appeal is denied.

Also, appellant's motion for entry of judgment of reversal on plaintiff-appellee's failure to file a timely answering brief is denied.

Pursuant to Rule 3 (i) of this court, plaintiff-appellee's motion for an extension of time for filing an answering brief is granted. The answering brief shall be filed within 30 days.

*Adrienne Sepaniak,* Deputy Prosecuting Attorney, for plaintiff-appellee State of Hawaii, for the motion.

*Robert T. Gustafson, pro se,* defendant-appellant, contra.