LEO SALAVEA, a Minor, by his Guardian Ad Litem SALAIA SALAVEA, SALAIA SALAVEA and TOVIA SALAVEA, Plaintiffs-Appellants, *v.* CITY AND COUNTY OF HONOLULU, Defendant-Appellee, and CHIYO YAMAKI, YAMAKI PRODUCE LTD., HAWAII HOUSING AUTHORITY, STATE OF HAWAII, SECURITY PAINTING COMPANY, INC., JOHN DOES 1-2, Defendants.

NO. 5415

DECEMBER 14, 1973

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON and KOBAYASHI, JJ.

OPINION OF THE COURT BY ABE, J.

Plaintiffs (hereinafter appellants) are a minor suing by his guardian *ad litem* (his mother), and the parents of the minor plaintiff, suing individually, for damages claimed to have resulted from injuries to the minor sustained on the afternoon of July 20, 1971. Complaint and summons were served on defendant City and County of Honolulu (hereinafter appellee) on September 28, 1972. On October 17, 1972, summary judgment was sought by appellee on the basis that appellants failed to comply with Section 12-106 of the Charter of the City

and County of Honolulu,[1] and with HRS § 46-72. Both pro-visions[2] provide that before the City and County shall be liable for negligence resulting in injuries sustained in public places within the City and County, notice in writing shall be given to a designated official, stating all relevant facts concerning the accident. Both provisions require that said notice be given within six months of the date of injury.

It is undisputed that the notice required by the statute and charter provision was never given, and that the first knowl-edge of the minor appellant's injury received by appellee was via the complaint and summons, which were served fourteen months after the injuries were sustained, and, therefore, a full eight months after the expiration of the six month notice period. Because of appellants' failure to comply with the statute and charter provision, appellee's motion for summary judgment was granted, and appellants had judgment entered against them.

Appellants have argued before us that the statute and charter provision are void, because defective in several ways. We find it unnecessary to consider all points on appeal,

---

[1] Said provision is now Revised Charter Section 12-111, approved November, 1972, effective in 1973. All other charter references in this opinion are to the old charter in effect during the occurrence of all events here pertinent, *i.e.*, Charter of the City and County of Honolulu, Act 261, S.L.H. 1959, as amended.

[2] HRS § 46-72 reads:

§ 46-72 Liability for damages; notice of injuries. Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person so injured, or the owner or person entitled to the possession, occupation, or use of the property so injured, or someone in his behalf, shall, within six months after the injuries are received, give the chairman of the board of supervisors or the city clerk of Honolulu notice in writing of the injuries and the specific damages resulting, stating fully in the notice when, where, and how the injuries occurred, the extent thereof, and the amount claimed therefor. Charter of the City and County of Honolulu, Section 12-106 provided:

Section 12-106. Claims. No action shall be maintained for the recovery of damages for any injury to person or property by reason of negligence of any official or employee of the city unless a written statement stating fully when, where and how the injuries occurred, the extent thereof and the amount claimed therefor, has been filed with the city clerk within six months after the date the injury was sustained.

because we can dispose of the issue of the validity of the notice requirements on the basis of only one of appellants' contentions. We are in agreement with appellants that the six month notice requirements are superseded by the two year statute of limitations set forth in HRS § 662-4.[3] Therefore, it was error for the trial court to have granted the motion for summary judgment, and we reverse that decision.

Although some may denominate such statutory provisions a condition precedent to liability, *see, Oakley v. State,* 54 Haw. 210, 224, 505 P.2d 1182, 1190 (dissenting opinion of Marumoto, J.) (1973), the notice of claim requirement operates, in reality, as a statute of limitations. *Albert v. Dietz,* 283 F. Supp. 854 (D. Haw. 1968);[4] *see also, Oakley v. State,* 54 Haw. 210, 219, 505 P.2d 1182, 1187 (concurring opinion of Abe, J.) (1973). The notice requirements of HRS § 46-72 and Section 12-106 of the Charter of the City and County of Honolulu set forth a limitations period much shorter than that in HRS § 662-4.

HRS § 50-15 is one of the provisions adopted to regulate the writing of charters for the counties of the State of Hawaii. HRS § 50-15, a statutory miniature "supremacy clause" reads:

> § 50-15 Reserved powers. Notwithstanding the provisions of this chapter, there is expressly reserved to the state legislature the power to enact all laws of general application throughout the State on matters of concern and interest and laws relating to the fiscal powers of the counties, and neither a charter nor ordinances adopted under a charter shall be in conflict therewith.

Actually, § 50-15 is a statutory enactment of provisions

---

[3] HRS § 662-4 provides:
§ 662-4 Statute of limitation. A tort claim against the State shall be forever barred unless action is begun within two years after the claim accrues.

[4] The decision in the *Albert* case construed R.L.H. 1955 § 138-21, predecessor to, and substantially identical with, HRS § 46-72.

contained in Art. VII⁵ of our State Constitution.

As we have noted, Sec. 12-106 of the Charter of the City and County of Honolulu calls for a limitation period shorter than that in HRS § 662-4, and therefore there is inconsistency between the two. This section of the Honolulu Charter is not a provision affecting the organization or governmental structure of the City and County. On the other hand, a statute providing for tort liability of the State and its political subdivisions is a law of general application throughout the State of Hawaii on a matter of state-wide interest and concern. Thus, we hold that HRS § 662-4 is the applicable statute and that Sec. 12-106 of the Charter is invalid as it is in conflict with HRS § 662-4.

We also hold that provisions of § 46-72 are inconsistent with § 662-4 and invalid. HRS § 46-72 was first enacted by Act 181, SLH 1943, while HRS § 662-4 is part of the State Tort Liability Act of 1957. Because of their respective dates of enactment, it is clear that provisions of the former cannot control over contrary provisions of the latter. On the other hand, although repeals by implication are not favored, *Costa Minors, Etc. v. Flintkote Co.*, 42 Haw. 518, 529 (1958), *State v. Gustafson*, 54 Haw. 519, 521, 511 P.2d 161, 162 (1973), implication of repeal is appropriate in some instances. Here, an intention of implied repeal may be logically inferred for three separate and compelling reasons.

(a) First, from the legislative intention evident in HRS § 50-15, a conflict in statutes such as that presented in the instant case should be resolved in favor of the statute regulating state matters, rather than that controlling county affairs only.

---

⁵ Art. VII, Hawaii State Constitution has four pertinent subsections:

Sec. 1 empowers the legislature to create counties and other political subdivisions with such powers as may be conferred under general laws.

Sec. 2 provides for the adoption of a charter by such political subdivisions. It also provides that provisions of a charter "with respect to a political subdivision's executive, legislative and administrative structure and organization shall be superior to statutory provisions . . . ."

Sec. 3 limits the taxing or fiscal powers of such political subdivisions.

Sec. 5 empowers the legislature to enact laws of statewide concern notwithstanding the other provisions contained in Art. VII.

(b) More importantly, in seeking assistance from the general rules of statutory interpretation, we note that all such guidelines are, almost without exceptions, characterized by disfavor of overly technical constructions of statutes that would make effective use of the court system needlessly complex rather than simple, or unreasonably inaccessible rather than available to all who seek redress of wrongs. In consonance with these basic fundaments of our judicial system, the courts of the state of Hawaii have consistently resolved ambiguities in statutes of limitations with an approach reflecting a liberality designed so as to give plaintiff-litigants the maximum free access to our courts still consistent with the controlling statutory provision and with the legislative intent that is reflected in its enactment. *Yoshizaki v. Hilo Hospital*, 50 Haw. 150, 433 P.2d 220 (1967); *Oakley v. State*, 54 Haw. 210, 505 P.2d 1182 (1973); *Azada v. Carson*, 252 F. Supp. 988 (D. Haw. 1966); *Albert v. Dietz*, 283 F. Supp. 854 (D. Haw. 1968).

(c) Finally, as an aid in resolving the contradiction in the two statutes, we take note of one of the most consistent trends in modern American tort law: the steady eradication of sovereign immunity, *see*, W.L. Prosser, *Torts*, §131 (4th ed., 1971). This trend has been reflected in Hawaii by the successive legislative enactment of a series of statutory provisions slowly broadening the tort liability of government in a number of ways. *See generally, Oakley v. State*, 54 Haw. 210, 219, 220-22, 505 P.2d 1182, 1187, 1188 (concurring opinion of Abe, J.) (1973). Thus, to hold that HRS § 46-72 was not superseded by HRS § 662-4 would be contrary to decades of development in tort law and also directly contrary to the intent and policy repeatedly demonstrated by the successive territorial legislatures that have chosen to deal with the issue of the extent of governmental tort liability. The basic theory of governmental tort liability in Hawaii is that the State and its political subdivisions shall be held accountable for the torts of governmental employees ". . . in the same manner and to the same extent as a private individual under like circumstances . . ." HRS § 662-2. Thus it would be unreasonable to hold that a party's right to recover damages in tort from the City and

County of Honolulu, a subdivision of the State, created by the legislature, is more restricted than his right to recover from the State itself.

We therefore hold that HRS § 662-4 is the applicable statute of limitations, superseding HRS § 46-72 and Section 12-106 of the Charter of the City and County of Honolulu. Since appellants' complaint was filed in September, 1972, prior to the expiration of the two year period of HRS § 662-4 in July, 1973, summary judgment was erroneously granted to appellee.

Reversed.

*Leland H. Spencer (Kelso, Spencer, Snyder & Stirling* of counsel) for plaintiffs-appellants.

*Charles F. Marsland, Jr.,* Deputy Corporation Counsel *(Richard K. Sharpless,* Corporation Counsel, with him on the brief), for defendant-appellee.

CONCURRING AND DISSENTING OPINION OF LEVINSON, J.

The majority opinion is a collapsible house of cards built with a stacked deck which includes a joker in the form of equating the statutory word "State" with the opinion's "State or political subdivision." It offers no support for its conclusion that the two-year statute of limitations for tort actions against the "State," HRS § 662-4, applies to this tort claim against the City and County of Honolulu.[1] As Mr. Justice Marumoto notes in his dissenting opinion in this case, a county is not an "executive department, board, or commission of the State" within the meaning of section 662-

---

[1] Compare L. CARROLL, THROUGH THE LOOKING GLASS 229-30 (Illustrated Junior Library Ed. 1946):

"When *I* use a word," Humpty Dumpty said in rather a scornful tone, "it means just what I choose it to mean — neither more nor less."

"The question is," said Alice, "whether you *can* make words mean so many different things."

"The question is," said Humpty Dumpty, "which is to be master — that's all."

1(1) of the State Tort Liability Act, HRS ch. 662. Indeed, the majority's *ipse dixit* correlation of counties with the State is contrary to the reasoning of *Kamau v. County of Hawaii,* 41 Haw. 527 (1957), wherein this court held that the differences between State and local governments in terms of their law-making powers justified the rejection of the common-law doctrine of sovereign immunity with respect to the latter. Similarly the agents of counties cannot logically be viewed as agents of the State for the purpose of State liability under the doctrine of respondeat superior. *See Fisher v. State,* 10 N.Y.2d 60, 176 N.E.2d 72, 217 N.Y.S.2d 52 (1961). The majority advocates, perhaps unwittingly, a dangerous line of analysis when it holds HRS § 662-4 applicable to this case because "it would be unreasonable to hold that a party's right to recover damages in tort from the City and County . . . is more restricted than his right to recover from the State itself." I have always considered this court's decision in *Kamau v. County of Hawaii, supra,* to be an important advancement of the law in its holding that the substantive liability of a political subdivision of the State is not circumscribed by common law doctrine of immunity to the same extent as the liability of the State. If the majority in this case suggests that the parameters of liability for cities and counties can be no less, and by implication, no more than those of the State, the advances of *Kamau* are rendered nugatory. The State Tort Liability Act contains numerous procedural and substantive restrictions on liability which, if applicable to cities and counties, severely undercut the rights of private litigants in tort suits against these governmental subdivisions.[2]

In the circumstances I cannot agree that HRS § 662-4 has any relevance to the timeliness of the plaintiffs' claims in this case.

---

[2] For example, HRS § 662-5 provides that "[a]ny action against the State under this chapter shall be tried by the court without a jury." Similarly, under HRS § 662-15(4) the "State" is not liable for the intentional torts of its agents.

The parents of the minor plaintiff sued individually for damages stemming from the alleged negligence of the City and County resulting in injury to their son. However, they failed to file notices of claims against the City and County within six months after the accident in which their son was injured as required by HRS § 46-72 and section 12-106 of the Charter of the City and County of Honolulu. This failure was fatal to their claims, and summary judgment was therefore properly granted against them. *See Oakley v. State*, 54 Haw. 210, 216, 505 P.2d 1182, 1185-86 (1973) ("the statutory requirement of filing a written notice of claim within the time specified cannot be waived").[3]

It does not follow, however, that the claim of the minor plaintiff is similarly foreclosed. Notice of claim requirements have as their purpose the protection of counties against fraud arising out of stale claims. Such a purpose, however, is not served by the imposition of a filing requirement on those who are presumed legally incapable of fulfilling it. Of course, a child is not excused from filing a notice of claim by virtue of the tolling provision in HRS § 657-13 (Supp. 1972),[4] even assuming that notice of claim requirements are "statutes of limitations" and not "conditions precedent" to suit, since section 657-13 by its terms applies only to the limitations periods contained in Part I of HRS ch. 657, and none of those

---

[3] *But see* Turner v. Staggs, ___ Nev.___, 510 P.2d 879 (1973) (holding notice of claim requirement unconstitutional as a violation of equal protection on the theory that there is no rational basis for treating municipalities differently from private defendants for the purpose of tort liability). I cannot agree with the reasoning of the *Turner* court, however, since the purpose of protecting the public fisc from fraudulent claims justifies the imposition on victims of governmental torts a more onerous requirement of prompt notice of claims than on victims of private torts. *See* Oakley v. State, 54 Haw. 210, 216, 505 P.2d 1182, 1186 (1973).

[4] HRS § 657-13 (Supp. 1972) provides in pertinent part:

If any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued . . .

(1) Within the age of eighteen years;

. . . .

such persons shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists.

provisions refer directly or indirectly to the notice of claim requirements at issue in this case. Compare *Williams v. Los Angeles Metropolitan Transit Authority*, 68 Cal. 2d 599, 440 P.2d 497, 68 Cal. Rptr. 297 (1968). However, I am of the opinion that the notice of claim requirements themselves should be read to excuse compliance by minors until they are properly represented by guardians *ad litem*. While as a general rule courts decline to read exceptions into otherwise seemingly absolute statutory requirements, a considerable line of authority in other jurisdictions has held that legal incapacity constitutes a valid excuse for non-compliance with notice of claim provisions which appear absolute on their faces, as do those in this case. *See, e.g., Maier v. City of Ketchikan*, 403 P.2d 34 (Alas. 1965); *McDonald v. City of Spring Valley*, 285 Ill. 52, 120 N.E. 476 (1918); *Lazich v. Belanger*, 111 Mont. 48, 105 P.2d 738 (1940); *City of Tulsa v. Wells*, 79 Okla. 39, 191 P. 186 (1920); *McCrary v. City of Odessa*, 482 S.W.2d 151 (Tex. 1972). *But see Artukovich v. Astendorf*, 21 Cal. 2d 329, 131 P.2d 831 (1942).

The minor plaintiff was four years of age when the injury giving rise to this lawsuit occurred. His inability in law as well as in fact to give effective notice personally to the City and County seems obvious. Although a guardian *ad litem* was subsequently appointed for him, it cannot be presumed that during the crucial time period — *i.e.*, for six months after the injury — his interests were being protected. *See Artukovich v. Astendorf, supra* at 340, 131 P.2d at 837 (Carter, J., dissenting). Unless the notice of claim requirements of HRS § 46-72 and the Honolulu Charter are read to excuse compliance by the minor plaintiff until his acquisition of proper legal representation, his claim will be forfeited through no fault of his own. Such a result is harsh in the extreme, and cannot have been intended by the enactment of these provisions.

This court has declared that the notice of claim requirements involved in this case should be given a "liberal construction" in favor of victims of governmental torts. *Oakley v. State, supra* at 216, 505 P.2d at 1186. Consonant with this attitude, I would hold that because of the

impossibility of the minor plaintiff's compliance, these requirements impliedly excepted him from their operation until he acquired a legal representative to prosecute his claim. *See McCrary v. City of Odessa, supra.* Since the complaint in this case contained all the information required by HRS § 46-72 and City and County of Honolulu Charter § 12-106, and since it was filed within six months of the appointment of a guardian *ad litem,* it follows from my analysis that the minor plaintiff's claim was timely.

### DISSENTING OPINION OF MARUMOTO, J.

I dissent. The majority of this court now adopts the view of Mr. Justice Abe in his concurring opinion in *Oakley v. State,* 54 Haw. 210, 219, 505 P.2d 1182, 1188 (1973), that the six-month notice requirement of HRS § 46-72 for the bringing of a tort action against a county has been superseded by the two-year limitation in HRS § 662-4 applicable to tort action under HRS c. 662, State Tort Liability Act.

Under the State Tort Liability Act, the State has waived its immunity from liability for torts of its employees. The Act defines a State employee as including officers and employees of any State agency, and defines State agency as including the executive departments, boards, and commissions of the State.

A county, including the City and County of Honolulu, is not an executive department, board, or commission of the State.

The majority opinion involves serious consequence to one who has a tort claim against a county, for under the State Tort Liability Act there can be no jury trial.