THE ESTATE OF JOHN COATES, IV, by its Personal Representative, SHARON ABREW, JOHN COATES, III, and JOYCE COATES, Plaintiffs–Appellants, v. PACIFIC ENGINEERING, a division of PACIFIC LINING COMPANY, INC., a California corporation, PACIFIC ENGINEERED PRODUCTS, INC., a California corporation, CARVER PUMP COMPANY, an Iowa corporation, KIRST PUMP & MACHINE WORKS, a California corporation, WESTIN HOTEL CORPORATION, dba WESTIN MAUI, a Delaware corporation, CHRIS HEMMETER, individually, HEMMETER MAUI DEVELOPMENT COMPANY, a Hawaii limited partnership, DILLINGHAM CONSTRUCTION PACIFIC, LTD., dba HAWAIIAN DREDGING & CONSTRUCTION COMPANY, JOHN DOES 1–5, JOHN DOE CORPORATIONS 1–5, JOHN DOE PARTNERSHIPS 1–5, ROE NON–PROFIT ORGANIZATIONS 1–5, and ROE GOVERNMENTAL AGENCIES 1–5, Defendants–Appellees

NO. 13848

(CIV. NO. 87–0425(3))

May 2, 1990

LUM, C.J., PADGETT, HAYASHI, AND WAKATSUKI, JJ., AND RETIRED JUSTICE NAKAMURA, IN PLACE OF MOON, J., RECUSED

## OPINION OF THE COURT BY LUM, C.J.

Plaintiffs–Appellants The Estate of John Coates, IV, by its personal representative, Sharon Abrew, John Coates, III, and Joyce Coates appeal from a summary judgment in favor of Appellee Pacific Lining Company, Inc. Appellants argue that this court should reverse the summary judgment by adopting the "dual capacity" doctrine to allow the non–dependent relatives of Mr. Coates to recover for his wrongful death and by ruling that the exclusivity provision of the Hawaii Workers' Compensation statute unconstitutionally discriminates against non–dependent survivors of workers killed on the job. We disagree with both contentions. Therefore, we affirm the trial court.

I.

John Coates, IV, drowned on July 11, 1987, while installing a pool ladder in an underground "surge chamber" which was part of

an elaborate pool system at the Maui Westin Hotel. He was performing this job on scuba when he was sucked up against one of the outlet pipes and held there until he ran out of air and drowned. His body was found some time later. Apparently he was diving alone. He was an engineer who had been employed by Pacific Engineering, a wholly owned subsidiary of Pacific Lining Company, for the previous six months doing various tasks relating to the construction of "water features," i.e. an elaborate swimming pool, at the Maui Westin. It is undisputed that he was an employee of Pacific Lining doing work for it when he drowned.

The Appellants brought suit against Pacific Engineering (Pacific Lining), Carver Pump Company, Kirst Pump and Machine Works, Maui Westin Hotel, Chris Hemmeter, and related defendants. This appeal concerns only Pacific Engineering and Pacific Lining Company (hereafter Lining) which employed Mr. Coates.

Mr. Coates did not have any dependents at the time of his death but did have Appellants as surviving relatives. He was covered by the Hawaii Workers' Compensation statute, Hawaii Revised Statutes (HRS) Chapter 386.

Appellants recognize that they are barred from suing the employer for negligence under the Workers' Compensation Act. In this suit Appellants are claiming that since the employer introduced a defective product into the marketplace by designing a faulty "water feature" which contributed to Mr. Coates' death, Appellants may sue the employer under strict liability under the Dual Capacity Doctrine which has been adopted in some states.

Appellants also argue that the exclusivity provisions of HRS § 386–5 unconstitutionally and impermissibly deny them equal protection and due process of law by denying any recovery to non–dependent relatives while allowing dependent relatives to recover benefits.

In the course of the litigation, Lining filed a motion for summary judgment and for Rule 54(b) certification. The court granted summary judgment and Rule 54(b) certification. Appellants

timely appealed. They now argue that if this court upholds their contentions, summary judgment was inappropriate.

## II.

We now consider whether this court should adopt the so-called dual capacity doctrine in order to avoid the exclusivity requirements of HRS § 386–5 of the Hawaii Workers' Compensation statute. HRS § 386–5 reads as follows:

> **Exclusiveness of right to compensation.** The rights and remedies herein granted to an employee or the employee's dependents on account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee, the employee's legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury.

Under the dual capacity doctrine an employer apparently protected by the exclusive liability principle may become liable to the employee in tort if, in respect to that tort, he occupies a position which places upon him obligations independent and distinct from his role as an employer. *State v. Purdy*, 601 P.2d 258, 259 (Alaska 1979) (citing 2A Larson, *Workmen's Compensation* § 72.80, at 14–112).

This doctrine has never enjoyed widespread acceptance and is only recognized in various forms in four jurisdictions: Illinois, Ohio, California and Massachusetts. In California, it has been severely limited by legislative enactment. In Illinois, the employer is required to also exist as a separate legal entity. *Hyman v. Sipi Metals Corp.*, 156 Ill. App. 3d 207, 509 N.E.2d 516 (Ill. App. 1 Dist. 1987). Most jurisdictions reject it as fundamentally unsound. *See Billy v. Consolidated Mach. Tool Corp.*, 51 N.Y.2d 152, 432 N.Y.S.2d 879, 412 N.E.2d 934 (1980); *Atchison v. Archer–Daniels–Midland Co.*, 360 So. 2d 599 (La. App. 1978).

The Alaska Supreme Court in *Purdy* articulated strong arguments against adoption of the dual capacity doctrine:

> Whatever frail vitality the dual capacity doctrine has in other jurisdictions, we do not think that it warrants adoption here. To do so might undermine extensively the policy sought to be achieved by the workmen's compensation act. There are endlessly imaginable situations in which an employer might owe duties to the general public, or to non–employees, the breach of which would be asserted to avoid the exclusive liability provision in our statute. It would be an enormous, and perhaps illusory, task to draw a principled line of distinction between those situations in which the employee could sue and those in which he could not. The exclusive liability provision would, in any event, lose much of its effectiveness, and the workmen's compensation system as a whole might be destabilized.

*Purdy*, 601 P.2d at 260.

The Hawaii State Legislature, by enacting the exclusivity provision, intended that our Workers' Compensation system be the exclusive remedy for work–related injuries and deaths. *See* ***Kamali v. Hawaiian Elec. Co.***, 54 Haw. 153, 504 P.2d 861 (1972).

Authorities which support the doctrine do so on the basis of equity; that in order to avoid the purported harsh effects of the Workers' Compensation Act, the doctrine would allow the claimants to sue. Part of Appellants' argument is premised on the fact that if they are not allowed to sue on the theory of product liability, they will be unjustly denied their day in court. They also argue that the rule of exclusivity should yield to contemporary developments in the area of product liability law.

While we sympathize with Appellants, we are unpersuaded by their argument.

In view of the unequivocal expressed language of the statute "to exclude all the liability of the employer," to invoke equity to

circumvent the clear intent of the legislature would require an unprincipled application of the law by this court. We have in the past rejected other challenges to the exclusivity of the Workers' Compensation Act, and we see no reason to change our position. *Costa Minors v. Flintkote Co.*, 42 Haw. 518 (1958). There are sound social and economic policy reasons which support the exclusivity of the Workers' Compensation Act, and it remains for the legislature to reexamine those reasons in light of contemporary circumstances and to amend the Act if it chooses to do so.

## III.

Appellants also constitutionally challenge the exclusivity provisions of the Workers' Compensation statute in that the statute as applied denies them due process and equal protection of the law in disallowing them the right to bring a wrongful death action, and in the disparate treatment of compensation under the Workers' Compensation Act. Here because neither a suspect classification nor a fundamental right is involved, the correct standard of review is the "rational basis test." *Nagle v. Board of Educ.*, 63 Haw. 389, 393, 629 P.2d 109, 112 (1981). Appellants do not belong to a group that has been subjected to a history of purposeful, unequal treatment or have been relegated to a position of political powerlessness as to require extraordinary protection from the majoritarian political process. *San Antonio School Dist. v. Rodrigues*, 411 U.S. 1, 28, 93 S. Ct. 1278, 1294, 36 L. Ed. 2d 16, 40 (1973).

We also find that the Workers' Compensation statute meets due process requirements. Generally, where no fundamental rights or suspect classifications are involved, there is a due process violation only if there is no rational basis to sustain the challenged statute. *Washington v. Fireman's Fund Ins. Co.*, 68 Haw. 192, 202, 709 P.2d 129, 136 (1985).

A fundamental constitutional right is one that is "explicitly or implicitly guaranteed by the Constitution." *San Antonio School*

*Dist.*, 411 U.S. at 33–34, 93 S. Ct. at 1297, 36 L. Ed. 2d at 43–44; *Nagle v. Board of Educ.*, 63 Haw. at 392 n.3, 629 P.2d at 112 n.3. Under the rational basis test, we inquire as to whether a statute rationally furthers a legitimate state interest. *State v. Cotton*, 55 Haw. 148, 150, 516 P.2d 715, 717 (1973); *State v. Johnston*, 51 Haw. 195, 203, 456 P.2d 805, 810 (1969). Our inquiry seeks only to determine whether any reasonable justification can be found for the legislative enactment. *Cotton, supra.* This court has previously found that the Workers' Compensation statute is a reasonable and valid exercise of the police power. *Anderson v. Hawaiian Dredging Co.*, 24 Haw. 97 (1917). The right of non–dependent relatives to sue for wrongful death under HRS § 663–3 is statutory and did not exist at all at common–law. *Costa Minors, supra.* The *Costa* court discussed the *raison d' etre* for the Workers' Compensation statute and its exclusivity provisions:

> The *Kamanu* case [41 Haw. 442 (1956)] pointed out that the purpose of the Workmen's Compensation Law is to charge against industry the pecuniary loss arising from disabling or fatal personal injury, regardless of negligence by the employee or lack of negligence by the employer; that it is designed to obtain for an injured workman or his dependents an assured, certain and prompt compensation to replace the doubtful right accorded by common law, and to secure for the employer freedom from vexatious, delaying and uncertain litigation with its possibilities of heavy penalties by way of verdicts and high costs; that it is based on the obligation of industry to recognize accidental injury and death arising out of employment as one of the costs of production. . . . If we construe [The Wrongful Death] Act 205 as amending the Workmen's Compensation Law by repealing the exclusiveness of the remedies, we have destroyed the whole purpose of the Act as set forth above, cutting out the heart of the Act.

*Costa Minors*, 42 Haw. at 530 (emphasis omitted).

Given the intent of the Hawaii Workers' Compensation statute "to achieve certainty — certainty that an employee will be compensated for all work [related] injuries regardless of his negligence or fault; and certainty with regard to the amount for which the employer will be liable[,]" *Kamali v. Hawaiian Elec. Co.*, 54 Haw. at 158, 504 P.2d at 864, it *a fortiori* passes the minimal requirements of the rational basis test. Admittedly the statute's effect of precluding claims by non–dependent parents is harsh but it does have a rational justification. In return for furthering the legitimate state interest of securing sure compensation for those injured and their dependents, the legislature enacted HRS § 386–5 "to absolve . . . employer[s] of all liability save that imposed by statute." *Kamali*, 54 Haw. at 157, 504 P.2d at 864.

The exclusiveness of remedy is the "keystone" of our Workers' Compensation plan and "'anything that tends to erode the exclusiveness of either the liability or the recovery strikes at the very foundation of statutory schemes of this kind, now universally accepted and acknowledged.'" *Costa Minors*, 42 Haw. at 531 (quoting *Smither & Co. v. Coles*, 242 F.2d 220 (1957)). The majority of jurisdictions have upheld exclusivity provisions to challenges raised by non–dependent parents:

> Under the broader types of exclusive liability clause, the employer is made immune to damage suits by not only the employee, but also spouses, children, and other relatives. It is held with virtual unanimity that this bar applies even to a relative who, because not dependent, gets no compensation benefits in exchange for the common–law rights denied. The constitutionality of this result has sometimes been challenged but has generally survived.

2A Larson, *Workmen's Compensation Law* § 65.54, at 12–65, 12–68 (1989).

The Workers' Compensation Act is constitutional.

*James Krueger* (*Timothy P. McNulty* and *Kevin H. S. Yuen* with him on the briefs) for Plaintiffs–Appellants.

*Charles H. Witherwax* (*M. Tyler Pottenger* with him on the brief) for Defendant–Appellee Pacific Lining Company.
On the briefs:

*David Lo* and *Moya T. Davenport Gray* for Defendants–Appellees Westin Hotel Corporation, dba Westin Maui, Hemmeter Maui Development Co., and Dillingham Construction Pacific, Ltd., dba Hawaiian Dredging and Construction Co.

*Robyn M. Kuwabe* and *Wayne A. Matsuura*, Deputy Attorneys General, for State of Hawaii.